UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **JAMES AZZARA, JACQUES R. DANTE,** : | **CIVIL ACTION NO.:** |
| **WARREN S. INMAN, DONALD PINGER,** : | |
| **MICHAEL SYBAL, FRANCISCO TORRES,** : | |
| **and JULIE TORRES, individually and on** : | |
| **behalf of other similarly situated** : | |
| **individuals,** : | |
| **Plaintiffs** : | |
| : | |
| **v.** : | |
| : | |
| **BANCTEC, INC.,** : | |
| **Defendant** : | **MAY 27, 2005** |

**COMPLAINT**

**INTRODUCTION**

1. This is an action for money damages, liquidated damages, costs, attorneys' fees and other relief as a result of Defendant's failure to pay overtime compensation to Plaintiffs, in violation of federal and state wage and hour laws.

2. This action is brought by the Plaintiffs as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 216(b). Alternatively, each Plaintiff brings this as an individual action.

3. In addition, Plaintiffs bring this as an individual action under the FLSA and the Connecticut Minimum Wage Act, Conn. Gen. Stat. Sec. 31-58 et seq.

**PARTIES**

4. Plaintiff James Azzara is an individual presently residing in Manchester, Connecticut.

5. Plaintiff Jacques R. Dante is an individual presently residing in Brookfield, Connecticut.

PDF created with FinePrint pdfFactory Pro trial version http://www.pdffactory.com

6. Plaintiff Warren S. Inman is an individual presently residing in Southbury, Connecticut.

7. Plaintiff Donald Pinger is an individual presently residing in West Hartford, Connecticut.

8. Plaintiff Michael Sybal is an individual presently residing in East Hampton, Connecticut.

9. Plaintiff Francisco Torres is an individual presently residing in Waterbury, Connecticut.

10. Plaintiff Julie Torres is an individual presently residing in Waterbury, Connecticut.

11. The aforementioned Plaintiffs bring this action on behalf of themselves and all other similarly situated employees of the Defendant, present and former, who were and/or are affected by the actions, policies and procedures of the Defendant as described herein.

12. In addition, and in the alternative, the aforementioned Plaintiffs bring this action in their individual and personal capacities, separate and apart from the class claims set forth herein.

13. The class of individuals that Plaintiffs bring this claim on behalf of is defined as follows:

> All current and former employees of Defendant within the United States who were employed in the position of FlexTech, Incentive Based Technician or other position(s) which performed the same or similar duties and:
>
> (a) who worked overtime as that term is defined by the FLSA in at least one week at any time during the three years preceding the date of the filing of this complaint; and
>
> (b) who have been wrongfully denied overtime pay by the Defendant;

14. Plaintiffs reserve the right to amend said class definition consistent with information obtained through discovery.

15. Defendant BancTec, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal base of business in Irving, Texas.

PDF created with FinePrint pdfFactory Pro trial version http://www.pdffactory.com

16. At all times relevant hereto, Defendant has been an employer engaged in interstate commerce as that term is defined under the Fair Labor Standards Act.

**JURISDICTION**

17. The United States District Court for the District of Connecticut has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because it raises questions under the Federal FLSA, 29 U.S.C. 216(b).

18. This Court has supplemental jurisdiction over Plaintiffs' individual state law claims pursuant to 28 U.S.C. § 1367(a).

**COLLECTIVE ACTION ALLEGATIONS**

19. As to the claims under the FLSA, Plaintiffs sue on behalf of themselves and those members of the above-defined class. This is an appropriate collective or representative action under Section 16(b) of the FLSA, 29 U.S.C. 216(b), sometimes referred to as an "opt-in class action."

**FACTUAL BACKGROUND**

20. At all times material to this action, Plaintiffs' positions and duties qualified them as employees who are subject to the overtime provisions of the FLSA.

21. Plaintiffs worked in excess of 40 hours in a work week at least once during the three years prior to the filing of this action.

22. Defendant has failed to pay Plaintiffs and all similarly situated employees for all hours worked during the three years prior to the filing of this action.

PDF created with FinePrint pdfFactory Pro trial version http://www.pdffactory.com

23. Defendant failed to pay overtime at the rate of one and one-half times their regular rate to the Plaintiffs and all similarly situated employees for hours worked in excess of 40 per work week as required by law.

**COUNT ONE**     **VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AZZARA INDIVIDUALLY AGAINST DEFENDANT**

24. Defendant, during portions of the past three (3) years prior to the filing of this complaint, has failed to pay the Plaintiff Azzara overtime wages for hours worked in excess of forty (40) in one week at a rate of one and one-half times his regular hourly rate.  Additionally, during this time, Defendant has failed to compensate Plaintiff Azzara for all hours that he worked.

25. Defendant's conduct in this regard was a violation of the FLSA because Defendant knew or should have known that Plaintiff Azzara was entitled to receive one and one-half times his regular hourly rate for his overtime hours, but nevertheless failed and refused to compensate him at the appropriate overtime rate.

26. Defendant's failure to pay Plaintiff Azzara overtime at the rate of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) per week was willful.

27. As a result of Defendant's wilful violation of the FLSA, Plaintiff Azzara is entitled to compensation for all overtime hours worked computed at one and one-half times his regular hourly rate, liquidated damages, attorneys' fees and court costs.

**COUNT TWO**     **VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT ON BEHALF OF PLAINTIFF AZZARA INDIVIDUALLY AGAINST DEFENDANT**

PDF created with FinePrint pdfFactory Pro trial version http://www.pdffactory.com

28. Defendant, during portions of the past two (2) years prior to the filing of this complaint, has failed to pay the Plaintiff Azzara overtime wages for hours worked in excess of forty (40) in one week at a rate of one and one-half times his regular hourly rate. Additionally, during this time, Defendant has failed to compensate Plaintiff Azzara for all hours that he worked.

29. Defendant's conduct in this regard was a violation of the Connecticut Minimum Wage Act, codified in C.G.S. § 31-58 *et seq.*, because Defendant knew or should have known that the Plaintiff Azzara was entitled to be compensated for all of the hours that he worked and receive one and one-half times his regular hourly rate for his overtime hours, but nevertheless failed and refused to compensate him at the appropriate overtime rate.

30. Defendant's failure to pay Plaintiff Azzara overtime at the rate of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) per week was willful.

31. As a result of Defendant's wilful violation of the Connecticut Minimum Wage Act, C.G.S. Section 31-58, *et seq.*, Plaintiff Azzara is entitled to compensation for all hours worked as well as his overtime hours worked computed at one and one-half times his regular hourly rate, interest, liquidated damages, attorneys' fees and court costs.

**COUNT THREE**     **VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF DANTE INDIVIDUALLY AGAINST DEFENDANT**

32. Defendant, during portions of the past three (3) years prior to the filing of this complaint, has failed to pay the Plaintiff Dante overtime wages for hours worked in excess of forty (40) in one week at a rate of one and one-half times his regular hourly rate. Additionally,

PDF created with FinePrint pdfFactory Pro trial version http://www.pdffactory.com

during this time, Defendant has failed to compensate Plaintiff Dante for all hours that he worked.

33. Defendant's conduct in this regard was a violation of the FLSA because Defendant knew or should have known that Plaintiff Dante was entitled to receive one and one-half times his regular hourly rate for his overtime hours, but nevertheless failed and refused to compensate him at the appropriate overtime rate.

34. Defendant's failure to pay Plaintiff Dante overtime at the rate of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) per week was willful.

35. As a result of Defendant's wilful violation of the FLSA, Plaintiff Dante is entitled to compensation for all overtime hours worked computed at one and one-half times his regular hourly rate, liquidated damages, attorneys' fees and court costs.

**COUNT FOUR    VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT ON BEHALF OF PLAINTIFF DANTE INDIVIDUALLY AGAINST DEFENDANT**

36. Defendant, during portions of the past two (2) years prior to the filing of this complaint, has failed to pay the Plaintiff Dante overtime wages for hours worked in excess of forty (40) in one week at a rate of one and one-half times his regular hourly rate. Additionally, during this time, Defendant has failed to compensate Plaintiff Dante for all hours that he worked.

37. Defendant's conduct in this regard was a violation of the Connecticut Minimum Wage Act, codified in C.G.S. § 31-58 *et seq.*, because Defendant knew or should have known that the Plaintiff Dante was entitled to be compensated for all of the hours that he worked

PDF created with FinePrint pdfFactory Pro trial version http://www.pdffactory.com

and receive one and one-half times his regular hourly rate for his overtime hours, but nevertheless failed and refused to compensate him at the appropriate overtime rate.

38. Defendant's failure to pay Plaintiff Dante overtime at the rate of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) per week was willful.

39. As a result of Defendant's wilful violation of the Connecticut Minimum Wage Act, C.G.S. Section 31-58, *et seq.*, Plaintiff Dante is entitled to compensation for all hours worked as well as his overtime hours worked computed at one and one-half times his regular hourly rate, interest, liquidated damages, attorneys' fees and court costs.

**COUNT FIVE**       **VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF INMAN INDIVIDUALLY AGAINST DEFENDANT**

40. Defendant, during portions of the past three (3) years prior to the filing of this complaint, has failed to pay the Plaintiff Inman overtime wages for hours worked in excess of forty (40) in one week at a rate of one and one-half times his regular hourly rate. Additionally, during this time, Defendant has failed to compensate Plaintiff Inman for all hours that he worked.

41. Defendant's conduct in this regard was a violation of the FLSA because Defendant knew or should have known that Plaintiff Inman was entitled to receive one and one-half times his regular hourly rate for his overtime hours, but nevertheless failed and refused to compensate him at the appropriate overtime rate.

42. Defendant's failure to pay Plaintiff Inman overtime at the rate of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) per week was willful.

PDF created with FinePrint pdfFactory Pro trial version http://www.pdffactory.com

43.  As a result of Defendant's wilful violation of the FLSA, Plaintiff Inman is entitled to compensation for all overtime hours worked computed at one and one-half times his regular hourly rate, liquidated damages, attorneys' fees and court costs.

**COUNT SIX**  **VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT ON BEHALF OF PLAINTIFF INMAN INDIVIDUALLY AGAINST DEFENDANT**

44.  Defendant, during portions of the past two (2) years prior to the filing of this complaint, has failed to pay the Plaintiff Inman overtime wages for hours worked in excess of forty (40) in one week at a rate of one and one-half times his regular hourly rate. Additionally, during this time, Defendant has failed to compensate Plaintiff Inman for all hours that he worked.

45.  Defendant's conduct in this regard was a violation of the Connecticut Minimum Wage Act, codified in C.G.S. § 31-58 *et seq.*, because Defendant knew or should have known that the Plaintiff Inman was entitled to be compensated for all of the hours that he worked and receive one and one-half times his regular hourly rate for his overtime hours, but nevertheless failed and refused to compensate him at the appropriate overtime rate.

46.  Defendant's failure to pay Plaintiff Inman overtime at the rate of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) per week was willful.

47.  As a result of Defendant's wilful violation of the Connecticut Minimum Wage Act, C.G.S. Section 31-58, *et seq.*, Plaintiff Inman is entitled to compensation for all hours worked as well as his overtime hours worked computed at one and one-half times his regular hourly rate, interest, liquidated damages, attorneys' fees and court costs.

PDF created with FinePrint pdfFactory Pro trial version http://www.pdffactory.com

**COUNT SEVEN**     **VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF PINGER INDIVIDUALLY AGAINST DEFENDANT**

48. Defendant, during portions of the past three (3) years prior to the filing of this complaint, has failed to pay the Plaintiff Pinger overtime wages for hours worked in excess of forty (40) in one week at a rate of one and one-half times his regular hourly rate. Additionally, during this time, Defendant has failed to compensate Plaintiff Pinger for all hours that he worked.

49. Defendant's conduct in this regard was a violation of the FLSA because Defendant knew or should have known that Plaintiff Pinger was entitled to receive one and one-half times his regular hourly rate for his overtime hours, but nevertheless failed and refused to compensate him at the appropriate overtime rate.

50. Defendant's failure to pay Plaintiff Pinger overtime at the rate of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) per week was willful.

51. As a result of Defendant's wilful violation of the FLSA, Plaintiff Pinger is entitled to compensation for all overtime hours worked computed at one and one-half times his regular hourly rate, liquidated damages, attorneys' fees and court costs.

**COUNT EIGHT**     **VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT ON BEHALF OF PLAINTIFF PINGER INDIVIDUALLY AGAINST DEFENDANT**

52. Defendant, during portions of the past two (2) years prior to the filing of this complaint, has failed to pay the Plaintiff Pinger overtime wages for hours worked in excess of forty (40) in one week at a rate of one and one-half times his regular hourly rate. Additionally,

PDF created with FinePrint pdfFactory Pro trial version http://www.pdffactory.com

during this time, Defendant has failed to compensate Plaintiff Pinger for all hours that he worked.

53. Defendant's conduct in this regard was a violation of the Connecticut Minimum Wage Act, codified in C.G.S. § 31-58 *et seq.*, because Defendant knew or should have known that the Plaintiff Pinger was entitled to be compensated for all of the hours that he worked and receive one and one-half times his regular hourly rate for his overtime hours, but nevertheless failed and refused to compensate him at the appropriate overtime rate.

54. Defendant's failure to pay Plaintiff Pinger overtime at the rate of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) per week was willful.

55. As a result of Defendant's wilful violation of the Connecticut Minimum Wage Act, C.G.S. Section 31-58, *et seq.*, Plaintiff Pinger is entitled to compensation for all hours worked as well as his overtime hours worked computed at one and one-half times his regular hourly rate, interest, liquidated damages, attorneys' fees and court costs.

**COUNT NINE**     **VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF SYBAL INDIVIDUALLY AGAINST DEFENDANT**

56. Defendant, during portions of the past three (3) years prior to the filing of this complaint, has failed to pay the Plaintiff Sybal overtime wages for hours worked in excess of forty (40) in one week at a rate of one and one-half times his regular hourly rate. Additionally, during this time, Defendant has failed to compensate Plaintiff Sybal for all hours that he worked.

57. Defendant's conduct in this regard was a violation of the FLSA because Defendant knew or should have known that Plaintiff Sybal was entitled to receive one and one-half times

PDF created with FinePrint pdfFactory Pro trial version http://www.pdffactory.com

his regular hourly rate for his overtime hours, but nevertheless failed and refused to compensate him at the appropriate overtime rate.

58. Defendant's failure to pay Plaintiff Sybal overtime at the rate of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) per week was willful.

59. As a result of Defendant's wilful violation of the FLSA, Plaintiff Sybal is entitled to compensation for all overtime hours worked computed at one and one-half times his regular hourly rate, liquidated damages, attorneys' fees and court costs.

**COUNT TEN**       **VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT ON BEHALF OF PLAINTIFF SYBAL INDIVIDUALLY AGAINST DEFENDANT**

60. Defendant, during portions of the past two (2) years prior to the filing of this complaint, has failed to pay the Plaintiff Sybal overtime wages for hours worked in excess of forty (40) in one week at a rate of one and one-half times his regular hourly rate. Additionally, during this time, Defendant has failed to compensate Plaintiff Sybal for all hours that he worked.

61. Defendant's conduct in this regard was a violation of the Connecticut Minimum Wage Act, codified in C.G.S. § 31-58 *et seq.*, because Defendant knew or should have known that the Plaintiff Sybal was entitled to be compensated for all of the hours that he worked and receive one and one-half times his regular hourly rate for his overtime hours, but nevertheless failed and refused to compensate him at the appropriate overtime rate.

62. Defendant's failure to pay Plaintiff Sybal overtime at the rate of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) per week was willful.

-11-

PDF created with FinePrint pdfFactory Pro trial version http://www.pdffactory.com

63. As a result of Defendant's wilful violation of the Connecticut Minimum Wage Act, C.G.S. Section 31-58, *et seq.*, Plaintiff Sybal is entitled to compensation for all hours worked as well as his overtime hours worked computed at one and one-half times his regular hourly rate, interest, liquidated damages, attorneys' fees and court costs.

**COUNT ELEVEN**      **VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF FRANCISCO TORRES INDIVIDUALLY AGAINST DEFENDANT**

64. Defendant, during portions of the past three (3) years prior to the filing of this complaint, has failed to pay the Plaintiff Francisco Torres overtime wages for hours worked in excess of forty (40) in one week at a rate of one and one-half times his regular hourly rate. Additionally, during this time, Defendant has failed to compensate Plaintiff Francisco Torres for all hours that he worked.

65. Defendant's conduct in this regard was a violation of the FLSA because Defendant knew or should have known that Plaintiff Francisco Torres was entitled to receive one and one-half times his regular hourly rate for his overtime hours, but nevertheless failed and refused to compensate him at the appropriate overtime rate.

66. Defendant's failure to pay Plaintiff Francisco Torres overtime at the rate of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) per week was willful.

67. As a result of Defendant's wilful violation of the FLSA, Plaintiff Francisco Torres is entitled to compensation for all overtime hours worked computed at one and one-half times his regular hourly rate, liquidated damages, attorneys' fees and court costs.

PDF created with FinePrint pdfFactory Pro trial version http://www.pdffactory.com

**COUNT TWELVE   VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT ON BEHALF OF PLAINTIFF FRANCISCO TORRES INDIVIDUALLY AGAINST DEFENDANT**

68.   Defendant, during portions of the past two (2) years prior to the filing of this complaint, has failed to pay the Plaintiff Francisco Torres overtime wages for hours worked in excess of forty (40) in one week at a rate of one and one-half times his regular hourly rate. Additionally, during this time, Defendant has failed to compensate Plaintiff Francisco Torres for all hours that he worked.

69.   Defendant's conduct in this regard was a violation of the Connecticut Minimum Wage Act, codified in C.G.S. § 31-58 *et seq.*, because Defendant knew or should have known that the Plaintiff Francisco Torres was entitled to be compensated for all of the hours that he worked and receive one and one-half times his regular hourly rate for his overtime hours, but nevertheless failed and refused to compensate him at the appropriate overtime rate.

70.   Defendant's failure to pay Plaintiff Francisco Torres overtime at the rate of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) per week was willful.

71.   As a result of Defendant's wilful violation of the Connecticut Minimum Wage Act, C.G.S. Section 31-58, *et seq.*, Plaintiff Francisco Torres is entitled to compensation for all hours worked as well as his overtime hours worked computed at one and one-half times his regular hourly rate, interest, liquidated damages, attorneys' fees and court costs.

**COUNT THIRTEEN      VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF JULIE TORRES INDIVIDUALLY AGAINST DEFENDANT**

PDF created with FinePrint pdfFactory Pro trial version http://www.pdffactory.com

72. Defendant, during portions of the past three (3) years prior to the filing of this complaint, has failed to pay the Plaintiff Julie Torres overtime wages for hours worked in excess of forty (40) in one week at a rate of one and one-half times her regular hourly rate. Additionally, during this time, Defendant has failed to compensate Plaintiff Julie Torres for all hours that she worked.

73. Defendant's conduct in this regard was a violation of the FLSA because Defendant knew or should have known that Plaintiff Julie Torres was entitled to receive one and one-half times her regular hourly rate for his overtime hours, but nevertheless failed and refused to compensate her at the appropriate overtime rate.

74. Defendant's failure to pay Plaintiff Julie Torres overtime at the rate of one and one-half times her regular hourly rate for all hours worked in excess of forty (40) per week was willful.

75. As a result of Defendant's wilful violation of the FLSA, Plaintiff Julie Torres is entitled to compensation for all overtime hours worked computed at one and one-half times her regular hourly rate, liquidated damages, attorneys' fees and court costs.

**COUNT FOURTEEN**     **VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT ON BEHALF OF PLAINTIFF JULIE TORRES INDIVIDUALLY AGAINST DEFENDANT**

76. Defendant, during portions of the past two (2) years prior to the filing of this complaint, has failed to pay the Plaintiff Julie Torres overtime wages for hours worked in excess of forty (40) in one week at a rate of one and one-half times her regular hourly rate. Additionally, during this time, Defendant has failed to compensate Plaintiff Julie Torres for all hours that she worked.

PDF created with FinePrint pdfFactory Pro trial version http://www.pdffactory.com

77. Defendant's conduct in this regard was a violation of the Connecticut Minimum Wage Act, codified in C.G.S. § 31-58 *et seq.*, because Defendant knew or should have known that the Plaintiff Julie Torres was entitled to be compensated for all of the hours that she worked and receive one and one-half times her regular hourly rate for her overtime hours, but nevertheless failed and refused to compensate her at the appropriate overtime rate.

78. Defendant's failure to pay Plaintiff Julie Torres overtime at the rate of one and one-half times her regular hourly rate for all hours worked in excess of forty (40) per week was willful.

79. As a result of Defendant's wilful violation of the Connecticut Minimum Wage Act, C.G.S. Section 31-58, *et seq.*, Plaintiff Julie Torres is entitled to compensation for all hours worked as well as her overtime hours worked computed at one and one-half times her regular hourly rate, interest, liquidated damages, attorneys' fees and court costs.

**COUNT FIFTEEN**       **VIOLATION OF THE FAIR LABOR STANDARDS ACT BY ALL PLAINTIFFS ON BEHALF OF OTHER SIMILARLY SITUATED INDIVIDUALS AGAINST DEFENDANT**

80. Plaintiffs were subject to the same human resource policies and practices as those imposed upon Plaintiffs Azzara, Dante, Inman, Pinger, Sybal, Francisco Torres, and Julie Torres, including the practice of not paying them for all hours that they worked and for failing to pay their overtime wages for all hours worked in excess of forty (40) in one week at a rate equal to one and one-half times their regular hourly rate.

81. Defendant, during portions of the past three (3) years prior to the filing of this complaint, has failed to pay the Plaintiffs for all hours worked, including overtime wages for hours

PDF created with FinePrint pdfFactory Pro trial version http://www.pdffactory.com

worked in excess of forty (40) in one week at a rate of one and one-half times their regular hourly rate.

82. Defendant's conduct in this regard was a violation of the FLSA because Defendant knew or should have known that the Plaintiffs were entitled to be paid for all hours worked and to receive one and one-half times their regular hourly rate for their overtime hours, but nevertheless failed and refused to compensate them at the appropriate overtime rate.

83. Defendant's failure to pay Plaintiffs for all hours worked and to pay overtime at the rate of one and one-half times their regular hourly rate for all hours worked in excess of forty (40) per week was willful.

84. As a result of Defendant's wilful violation of the FLSA, the Plaintiffs are entitled to compensation for all overtime hours worked computed at one and one-half times their regular hourly rate, liquidated damages, attorneys' fees and court costs.

PDF created with FinePrint pdfFactory Pro trial version http://www.pdffactory.com

**IX.     DEMAND FOR RELIEF**

WHEREFORE, the Plaintiff(s) claim:

1.      Unpaid Wages, including Regular and Overtime Wages, under the Fair Labor Standards Act, and Connecticut General Statutes Section 31-58 *et seq.*,

2.      Liquidated Damages under the Fair Labor Standards Act and Connecticut General Statutes Section 31-58 *et seq.*,

3.      Interest and costs;

4.      Attorneys' fees under the Fair Labor Standards Act and Connecticut General Statutes Section 31-58 *et seq.*, and

5.      Such other relief as in law or equity may pertain.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.


Plaintiffs, James Azzara, Jacques R. Dante, Warren S. Inman, Donald Pinger, Michael Sybal, Francisco Torres, and Julie Torres, individually and on behalf of others similarly situated,


By: _____
Peter B. Prestley (ct15799)
Madsen, Prestley & Parenteau, LLC
44 Capitol Avenue, Suite 201
Hartford, CT 06106
Tel:  (860) 246-2466
Fax:  (860) 246-1794
Attorneys for the Plaintiffs

PDF created with FinePrint pdfFactory Pro trial version http://www.pdffactory.com