MADSEN, PRESTLEY & PARENTEAU, LLC
William G. Madsen (CT-09853)
44 Capitol Avenue – Suite 201
Hartford, Connecticut 06106
(860) 246-2466
wmadsen@mppjustice.com

GORLICK, KRAVITZ & LISTHAUS, P.C.
Barbara S. Mehlsack (phv 0847)
17 State Street - 4th Floor
New York, New York 10004
(212) 269-2500
bmehlsack@gkllaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------------------------X
                                                   :

| | |
|---|---|
| JAMES AZZARA, JACQUES R. DANTEC, WARREN S. : <br> INMAN, DONALD PINGER, MICHAEL SYBAL, : <br> FRANCISCO TORRES, JULIE TORRES, ROBERT : <br> REINER, PATRICIA RENEE ALLINGER and ROBERT : <br> ANDERSON, individually and on behalf of other similarly : <br> situated individuals | |
| : | **CLASS AND** <br> **COLLECTIVE ACTION** |
| Plaintiffs, : | |
| : | **FIRST CONSOLIDATED** |
| -against- : | **COMPLAINT** |
| : | |
| BANCTEC, INC., : | **05 CV 0855 (MRK)** |
| : | |
| Defendant. : | **February 28, 2006** |
| : | |

-------------------------------------------------------------------------X

       Plaintiffs JAMES AZZARA, JACQUES R. DANTEC, WARREN S. INMAN,

DONALD PINGER, MICHAEL SYBAL, FRANCISCO TORRES, JULIE TORRES, ROBERT

REINER, PATRICIA RENEE ALLINGER, and ROBERT ANDERSON,, (hereinafter

collectively "Plaintiffs" or "Named Plaintiffs"), by and through their attorneys, MADSEN,

PRESTLEY & PARENTEAU, LLC and GORLICK, KRAVITZ & LISTHAUS, P.C., as and for their First Consolidated Complaint respectfully allege as follows:

## NATURE OF THE ACTION

1.      This is a civil action for wages for overtime work pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et. seq., and implementing regulations, the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. §§ 31-58 et. seq., and New York Labor Law, N.Y. Lab. Law Art. 2, §21, Art. 19 §§ 650 et. seq., and implementing regulations, 12 NYCRR §§ 142-2.2 et. seq.

2.      Plaintiffs bring this action: a) individually on behalf of themselves and on behalf of all similarly situated  current and former employees of Defendant who elect to opt into this action pursuant to the FLSA, 29 U.S.C. §§201 et. seq., and specifically the collective action provision of Section 16(b), 29 U.S.C. §216 (b), to obtain declaratory relief and to remedy violations of the overtime compensation requirements of the FLSA by Defendant that have deprived Plaintiff and others similarly situated of their lawful wages; b) individually on behalf of themselves, by those Plaintiffs who have worked for Defendant in Connecticut, to obtain declaratory relief and to remedy violations by Defendant of the overtime compensation requirements of the CMWA that have deprived Plaintiffs of their lawful wages; and c) individually on behalf of themselves, and as representative parties pursuant to Federal Rule of Civil Procedure 23 of a class of similarly situated employees and former employees, by those Plaintiffs who have worked for Defendant in New York State, to obtain declaratory relief and to remedy violations of the overtime compensation requirements adopted under New York Labor Law, N.Y. Lab. Law §21, §§ 650 et. seq., via implementing regulations 12 NYCRR §§142-2.2

2

et. seq. that have deprived Plaintiffs and the other members of the class of their lawful wages under state law.

**JURISDICTION**

3.      Jurisdiction of this Court is invoked under the following statutes:

    (a)    29 U.S.C. §216 (b) (private right of action under FLSA);

    (b)    28 U.S.C. §1331 (federal question);

    (c)    28 U.S.C. §1337 (civil actions arising under Act of Congress regulating commerce); and

    (d)    28 U.S.C. §1367 (supplemental jurisdiction).

    (e)    Venue properly lies in this district under 28 U.S.C. §1391.

**CLASS ACTION ALLEGATIONS**

4.      The claims in this action arising under New York State Law and implementing regulations (hereinafter "New York State Law Claims") are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure, provided however that if this Court permits the maintenance of a class action for the New York State Law Claims, Named Plaintiffs and class members agree to waive their state law claims for liquidated damages in the amount of 25% of their overtime compensation due and in lieu thereof claim only pre and post-judgment interest on their unpaid compensation under state law, at the appropriate rate under the New York Civil Practice Law and Rules.

3

5.      The New York State Law Claims (limited as provided above) are properly maintainable as a class action under Federal Rule of Civil Procedure 23 (a) ("Fed. R. Civ. P.") because: a) the class is believed to be over 60 in number, so that joinder of all members is impracticable; b) there are questions of law and fact common to the class, as the New York State Law claims are based on whether or not Defendant's corporate wide policies and practice vis-à-vis the compensation and terms and conditions of employment of its computer repair technicians have resulted in the denial to them of compensation to which they are entitled under New York State Law; and c) the claims of the Named Plaintiffs are typical of the claims of the class and the Named Plaintiffs will fairly and adequately represent the interest of the class because they are similarly situated to the class members and Named Plaintiffs are not aware of any way in which their interests are antagonistic or adverse to the interests of the class members;

6.      The New York State Law Claims are otherwise properly maintainable as a class action under Fed. R. Civ. P. 23 (b) (3) because: a) the questions of law and fact common to the class predominate over any questions affecting only individual members; b) a class action is superior to other available methods of adjudicating the class members' claims because: i) the New York State Law claims arise out of the same nucleus of operative facts as the FLSA collective action claims; ii) many of the individual class members' claims are relatively small, so that those persons are likely to lack sufficient resources and incentive to bring individual suits and they are also not likely to have a strong interest in individually controlling the prosecution of separate actions; iii) upon information and belief, there has been no other litigation concerning the New York State Law claims in any other forum; and iv) a class action can be managed without undue difficulty as the claims are based upon Defendant's corporate compensation

policies and Defendant is required to maintain records concerning the compensation and hours worked of each member of the class.

7.      Class co-counsel, Gorlick, Kravitz & Listhaus, P.C., concentrates its practice in labor and employment law, is qualified and able to litigate the class members' claims and is prepared to advance the costs necessary the litigate this action vigorously, including the costs of sending a class notice. Class co-counsel Madsen, Prestley & Parenteau, LLC is experienced in representing plaintiffs in class actions under the FLSA, is qualified and able to litigate the class members' claims and is prepared to advance the costs necessary the litigate this action vigorously, including the costs of sending a class notice.

## PARTIES

8.      Plaintiffs PATRICIA RENEE ALLINGER ("Allinger") ROBERT ANDERSON ("Anderson") and ROBERT REINER ("Reiner") are adult individuals who reside in and have worked for Defendant in the State of New York and who at all times relevant to their claims in this action were employees of and employed by Defendant BANCTEC, INC. ("BANCTEC" or "Defendant") as defined in Sections 3 (e)(1) and 3 (g) of FLSA [29 U.S.C. §§203 (e)(1) and 203 (g)] and Section 651 (5) of New York Labor Law and implementing regulation 12 NYCRR 142.2-14 (a). Plaintiffs JAMES AZZARA ("Azzara"), JACQUES R. DANTEC ("Dantec"), WARREN S. INMAN ("Inman"), MICHAEL SYBAL ("Sybal"), FRANCISCO TORRES ("Francisco Torres"), and JULIE TORRES ("Julie Torres") are adult individuals who reside in and have worked for Defendant in the State of Connecticut and who at all times relevant to their claims in this action were employees of and employed by Defendant as defined in Sections 3 (e)(1) and 3(g) of FLSA [29 U.S.C. §§203 (e)(1) and 203 (g)] and Conn. Gen. Stat. §§ 31-58 et. seq. Plaintiff DONALD PINGER ("Pinger") is an adult individual who resides in the State of

Connecticut, has worked for Defendant in the States of Connecticut and New York, and who at all times relevant to their claims in this action was an employee of and employed by Defendant as defined in Sections 3 (e)(1) and 3 (g) of FLSA [29 U.S.C. §§203 (e)(1) and 203 (g)], Conn. Gen. Stat. § 31-58 et. seq. and/or Section 651 (5) of New York Labor Law and implementing regulation 12 NYCRR 142.2 -14 (a).

9.      Defendant is a foreign corporation licensed to do business in the State of New York and has a place of business at 2701 East Grauwyler Road, Irving, Texas 75061.  At all relevant times, BANCTEC was and is an employer as defined in Section 3 (g) of FLSA [29 U.S.C. §203 (g)] and Section 190 (3) of New York Labor Law and Section 31-58 of CMWA. BANCTEC is an enterprise as defined in Section 3 (r)(1) of FLSA [29 U.S.C. §203 (r) (1)] in an industry affecting commerce as defined in Section 3 (s) (1) (A) of FLSA [29 U.S.C. §209 (s) (1) (A)].

## FACTUAL BACKGROUND

10.      Defendant has employed Plaintiff Allinger since on or about November 18, 2002 and continues to employ Plaintiff Allinger to perform computer repair services and administrative functions related to the performance of computer repair services (hereinafter persons performing computer repair services and administrative functions related to the performance of computer repair services for Defendant under terms and conditions similar to those of the Named Plaintiffs are sometimes generally referred to as "computer repair technicians").

11.      Upon information and belief, during a substantial portion of her employment by Defendant, Plaintiff Allinger has frequently worked in excess of 40 hours per week.

6

12.     Defendant has employed Plaintiff Anderson since on or about October 23, 2000 and continues to employ Plaintiff Anderson to perform computer repair services and administrative functions related to computer repair services.

13.     Upon information and belief, during his employment by Defendant, Plaintiff Anderson has regularly worked in excess of 40 hours per week.

14.     Defendant employed Plaintiff Azzara from on or about March 2001 until on or about August 2005 to perform computer repair services and administrative functions related to the performance of computer repair services.

15.     Upon information and belief, during a substantial portion of his employment by Defendant, Plaintiff Azzara frequently worked in excess of 40 hours per week.

16.     Defendant has employed Plaintiff Dantec since on or about August 2002 and continues to employ him to perform computer repair services and administrative functions related to the performance of computer repair services.

17.     Upon information and belief, during a substantial portion of his employment by Defendant, Plaintiff Dantec has frequently worked in excess of 40 hours per week.

18.     Defendant has employed Plaintiff Inman since 1997 or 1998 and continues to employ him to perform computer repair services and administrative functions related to the performance of computer repair services.

19.     Upon information and belief, during a substantial portion of his employment by Defendant, Plaintiff Inman has frequently worked in excess of 40 hours per week.

20.     Defendant employed Plaintiff Pinger from on or about March 2001 until August of 2005 to perform computer repair services and administrative functions related to the performance of computer repair services.

7

21.     From on or about August 2002 until on or about March 2003, Defendant employed Plaintiff Pinger to perform computer repair services and administrative functions related to the performance of computer repair services in the State of Connecticut.

22.     From on or about March 2001 until on or about August 2002 and from on or about March 2003 until August of 2005, Defendant employed Plaintiff Pinger to perform computer repair services and administrative functions related to the performance of computer repair services in the State of New York.

23.     Upon information and belief, during a substantial portion of his employment by Defendant, Plaintiff Pinger frequently worked in excess of 40 hours per week.

24.     Defendant employed Plaintiff Reiner from approximately February 19, 2001 until on or about April 17, 2005 to perform computer repair services and administrative functions related to the performance of computer repair services.

25.     Upon information and belief, during his employment by Defendant, Plaintiff Reiner regularly worked in excess of 40 hours per week.

26.     Defendant employed Plaintiff Sybal from approximately November 26, 2001 to September 3, 2005 to perform computer repair services and administrative functions related to the performance of computer repair services.

27.     Upon information and belief, during a substantial portion of his employment by Defendant, Plaintiff Sybal frequently worked in excess of 40 hours per week.

28.     Defendant has employed Plaintiff Francisco Torres since on or about November 1997 and continues to employ him to perform computer repair services and administrative functions related to the performance of computer repair services.

8

29.     Upon information and belief, during a substantial portion of his employment by Defendant, Plaintiff Francisco Torres has frequently worked in excess of 40 hours per week.

30.     Defendant has employed Plaintiff Julie Torres since on or about November 2001 and continues to employ her to perform computer repair services and administrative functions related to the performance of computer repair services.

31.     Upon information and belief, during a substantial portion of her employment by Defendant, Plaintiff Julie Torres has frequently worked in excess of 40 hours per week.

32.     Upon information and belief, during the period December 10, 2001 until May 31, 2003, Defendant wrongfully classified Plaintiffs Anderson, Azzara, Inman, Pinger, Reiner, Sybal, Francisco Torres and Julie Torres as independent contractors.

33.     Upon information and belief, during the period November 18, 2002 until May 31, 2003, Defendant wrongfully classified Plaintiff Allinger as an independent contractor.

34.     Upon information and belief, during the period August 2002 until May 31, 2003, Defendant wrongfully classified Plaintiff Dantec as an independent contractor.

35.     Upon information and belief, during the period November 18, 2002 to May 31, 2003, when she was classified as an independent contractor: a)  Plaintiff Allinger worked for Defendant performing the same duties, requiring the same skills, following the same method of operation, and making the same investment as after May 31, 2003; and b)  Defendant exercised the same degree of control over Plaintiff Allinger's work and Plaintiff Allinger had the same opportunities for profit or loss as after May 31, 2003.

36.     Upon information and belief, during the period December 10, 2001 to May 31, 2003 when he was classified as an independent contractor: a)  Plaintiff Anderson worked for Defendant performing the same duties, requiring the same skills, following the same method of

9

operation, and making the same investment as before December 10, 2001 and as after May 31, 2003; and b) Defendant exercised the same degree of control over Plaintiff Anderson's work and Plaintiff Anderson had the same opportunities for profit or loss as before December 10, 2001 and as after May 31, 2003.

37.     Upon information and belief, during the period December 10, 2001 to May 31, 2003 when he was classified as an independent contractor: a) Plaintiff Azzara worked for Defendant performing the same duties, requiring the same skills, following the same method of operation, and making the same investment as before December 10, 2001 and as after May 31, 2003; and b) Defendant exercised the same degree of control over Plaintiff Azzara's work and Plaintiff Azzara had the same opportunities for profit or loss as before December 10, 2001 and as after May 31, 2003.

38.     Upon information and belief, during the period August 2002 to May 31, 2003, when he was classified as an independent contractor:  a) Plaintiff Dantec worked for Defendant performing the same duties, requiring the same skills, following the same method of operation, and making the same investment as after May 31, 2003; and b) Defendant exercised the same degree of control over Plaintiff's work and Plaintiff had the same opportunities for profit or loss as after May 31, 2003.

39.     Upon information and belief during the period from December 10, 2001 to May 31, 2003 when he was classified as an independent contractor:  a) Plaintiff Inman worked for Defendant performing the same duties, requiring the same skills, following the same method of operation, and making the same investment as before December 10, 2001 and as after May 31, 2003; and b) Defendant exercised the same degree of control over Plaintiff's work and Plaintiff

had the same opportunities for profit or loss as before December 10, 2001 and as after May 31, 2003.

40.     Upon information and belief when he was classified as an independent contractor, during the period from December 10, 2001 to May 31, 2003:  a) Plaintiff Pinger worked for Defendant performing the same duties, requiring the same skills, following the same method of operation, and making the same investment as before December 10, 2001 and as after May 31, 2003; and b) Defendant exercised the same degree of control over Plaintiff's work and Plaintiff had the same opportunities for profit or loss as before December 10, 2001 and as after May 31, 2003.

41.     Upon information and belief, during the period December 10, 2001 to May 31, 2003, when he was classified as an independent contractor: a)  Plaintiff Reiner worked for Defendant performing the same duties, requiring the same skills, following the same method of operation, and making the same investment as before December 10, 2001 and as after May 31, 2003; and b)  Defendant exercised the same degree of control over Plaintiff Reiner's work and Plaintiff had the same opportunities for profit or loss as before December 10, 2001 and as after May 31, 2003.

42.     Upon information and belief, when he was classified as an independent contractor during the period from December 10, 2001 to May 31, 2003:  a) Plaintiff Sybal worked for Defendant performing the same duties, requiring the same skills, following the same method of operation, and making the same investment as before December 10, 2001 and as after May 31, 2003; and b) Defendant exercised the same degree of control over Plaintiff's work and Plaintiff had the same opportunities for profit or loss as before December 10, 2001 and as after May 31, 2003.

43.     Upon information and belief, when he was classified as an independent contractor during the period December 10, 2001 to May 31, 2003: a)  Plaintiff Francisco Torres worked for Defendant performing the same duties, requiring the same skills, following the same method of operation, and making the same investment as before December 10, 2001 and as after May 31, 2003; and b)  Defendant exercised the same degree of control over Plaintiff's work and Plaintiff had the same opportunities for profit or loss as before December 10, 2001 and as after May 31, 2003.

44.     Upon information and belief, when she was classified as an independent contractor during the period December 10, 2001 to May 31, 2003: a)  Plaintiff Julie Torres worked for Defendant performing the same duties, requiring the same skills, following the same method of operation, and making the same investment as before December 10, 2001 and as after May 31, 2003; and b)  Defendant exercised the same degree of control over Plaintiff's work and Plaintiff had the same opportunities for profit or loss as before December 10, 2001 and as after May 31, 2003.

45.     Upon information and belief, Defendant has at all times relevant to this action failed to give notice to its computer repair technicians of their rights to overtime compensation as required pursuant to federal regulation 29 CFR 516.4 and to state regulations 12 NYCRR § 142-2.8. and Conn. Gen, Stat. §§ 31-66.

46.     Upon information and belief, at all times relevant to this action, Defendant has maintained corporate-wide compensation policies and practices applicable to its computer repair technicians throughout the nation, including: a) the policy and practice of wrongfully classifying them as independent contractors;  b)  the policy and practice of not paying them for all hours worked; c)  the policy and practice of failing to give them notice of their rights to overtime

compensation; d) the policy and practice of not paying them overtime for all hours worked in excess of 40 hours during a week; and e) the policy and practice of not paying overtime for all hours worked in excess of 40 during a week at the rate of one and one-half times their regular rate.

### AS AND FOR A FIRST CAUSE OF ACTION
### (on behalf of Plaintiff Allinger individually
### under the Fair Labor Standards Act)

47.     Plaintiffs repeat and re-allege the allegations in Paragraphs 1 through 46 as if full fully set forth herein.

48.     Upon information and belief, at all times relevant to this action, Plaintiff Allinger was a non-exempt employee and Plaintiff Allinger's duties, including but not limited to computer repair duties, administrative functions, and travel time were at all relevant times compensable time under Section 7 (a) of FLSA [29 U.S.C. §207 (a)].

49.     Upon information and belief, from on or about August 30, 2003 and continuing to the present, Defendant has failed to pay Plaintiff Allinger for all hours worked by her and has willfully failed to pay Plaintiff Allinger overtime compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked by her in excess of 40 hours in a week, in violation of Section 7 (a) of FLSA [29 U.S.C. §207 (a)].

50.     As a result of Defendant's FLSA violations, Plaintiff Allinger is entitled to recover from Defendant her unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to Section 16 (b) of FLSA [29 U.S.C. §216 (b)].

13

51.     Plaintiff Allinger has consented in writing to be a party to this action, pursuant to Section 16 (b) of FLSA [29 U.S.C. §216 (b)].  Plaintiff's written consent has been filed with the Court.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(on behalf of Plaintiff Anderson individually**
**under the Fair Labor Standards Act)**

52.     Plaintiffs repeat and re-allege the allegations in Paragraphs 1 through 51 as if fully set forth herein.

53.     Upon information and belief, at all times relevant to this action, Plaintiff Anderson was a non-exempt employee and Plaintiff Anderson's duties, including but not limited to computer repair duties, administrative functions, and travel time, were at all relevant times compensable time under Section 7 (a) of FLSA [29 U.S.C. §207 (a)].

54.     Upon information and belief, from on or about October 23, 2000 and continuing to the present, Defendant has failed to pay Plaintiff Anderson for all hours worked by him and has willfully failed to pay Plaintiff Anderson overtime compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked by him in excess of 40 hours in a week, in violation of Section 7 (a) of FLSA [29 U.S.C. §207 (a)].

55.     As a result of Defendant's willful FLSA violations, Plaintiff Anderson is entitled to recover from Defendant his unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs and disbursement of the action, pursuant to Section 16 (b) of FLSA [29 U.S.C. §216 (b)].

56.     Plaintiff Anderson has consented in writing to be a party to this action, pursuant to Section 16 (b) of FLSA [29 U.S.C. §216 (b)].  Plaintiff Anderson's written consent has been filed with the Court.

14

## AS AND FOR A THIRD CAUSE OF ACTION
### (on behalf of Plaintiff Azzara individually
### under the Fair Labor Standards Act)

57.     Plaintiffs repeat and re-allege the allegations in Paragraphs 1 through 56 as if fully set forth herein.

58.     Upon information and belief, at all time relevant to this action, Plaintiff Azzara was a non-exempt employee and Plaintiff Azzara's duties, including but not limited to computer repair duties, administrative functions, and travel time, were at all relevant times compensable time under Section 7 (a) of FLSA [29 U.S.C. §207 (a)].

59.     Upon information and belief, from March, 2001 until August, 2005, Defendant failed to pay Plaintiff Azzara for all hours worked by him and has willfully failed to pay him overtime compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked by him in excess of 40 hours in a week, in violation of Section 7 (a) of FLSA [29 U.S.C. §207 (a)].

60.     As a result of Defendant's FLSA violations, Plaintiff Azzara is entitled to recover from Defendant his unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to Section 16 (b) of FLSA [29 U.S.C. §216 (b)].

61.     Plaintiff Azzara has consented in writing to be a party to this action, pursuant to Section 16 (b) of FLSA [29 U.S.C. §216 (b)]. Plaintiff's written consent has been filed with the Court.

### AS AND FOR A FOURTH CAUSE OF ACTION
**(on behalf of Plaintiff Dantec individually
under the Fair Labor Standards Act)**

62.     Plaintiffs repeat and re-allege the allegations in Paragraphs 1 through 61 as if fully set forth herein.

63.     Upon information and belief, at all time relevant to this action, Plaintiff Dantec was a non-exempt employee and Plaintiff Dantec's duties, including but not limited to computer repair duties, administrative functions, and travel time, were at all relevant times compensable time under Section 7 (a) of FLSA [29 U.S.C. §207 (a)].

64.     Upon information and belief, from August 2002 and continuing to the present, Defendant failed to pay Plaintiff Dantec for all hours worked by him and has willfully failed to pay him overtime compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked by him in excess of 40 hours in a week, in violation of Section 7 (a) of FLSA [29 U.S.C. §207 (a)].

65.     As a result of Defendant's FLSA violations, Plaintiff Dantec is entitled to recover from Defendant his unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to Section 16 (b) of FLSA [29 U.S.C. §216 (b)].

66.     Plaintiff Dantec has consented in writing to be a party to this action, pursuant to Section 16 (b) of FLSA [29 U.S.C. §216 (b)].  Plaintiff's written consent has been filed with the Court.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (on behalf of Plaintiff Inman individually
### under the Fair Labor Standards Act)

67.     Plaintiffs repeat and re-allege the allegations in Paragraphs 1 through 66 as if fully set forth herein.

68.     Upon information and belief, at all time relevant to this action, Plaintiff Inman was a non-exempt employee and Plaintiff Inman's duties, including but not limited to computer repair duties, administrative functions, and travel time, were at all relevant times compensable time under Section 7 (a) of FLSA [29 U.S.C. §207 (a)].

69.     Upon information and belief, from 1997 or 1998 and continuing to the present Defendant failed to pay Plaintiff Inman for all hours worked by him and has willfully failed to pay him overtime compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked by him in excess of 40 hours in a week, in violation of Section 7 (a) of FLSA [29 U.S.C. §207 (a)].

70.     As a result of Defendant's FLSA violations, Plaintiff Inman is entitled to recover from Defendant his unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to Section 16 (b) of FLSA [29 U.S.C. §216 (b)].

71.     Plaintiff Inman has consented in writing to be a party to this action, pursuant to Section 16 (b) of FLSA [29 U.S.C. §216 (b)].  Plaintiff's written consent has been filed with the Court.

### AS AND FOR A SIXTH CAUSE OF ACTION
#### (on behalf of Plaintiff Pinger individually
#### under the Fair Labor Standards Act)

72.     Plaintiffs repeat and re-allege the allegations in Paragraphs 1 through 71 as if fully set forth herein.

73.     Upon information and belief, at all time relevant to this action, Plaintiff Pinger was a non-exempt employee and Plaintiff Pinger's duties, including but not limited to computer repair duties, administrative functions, and travel time, were at all relevant times compensable time under Section 7 (a) of FLSA [29 U.S.C. §207 (a)].

74.     Upon information and belief, from on or about March 2001 until August 2005, Defendant failed to pay Plaintiff Pinger for all hours worked by him and has willfully failed to pay him overtime compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked by him in excess of 40 hours in a week, in violation of Section 7 (a) of FLSA [29 U.S.C. §207 (a)].

75.     As a result of Defendant's FLSA violations, Plaintiff Pinger is entitled to recover from Defendant his unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to Section 16 (b) of FLSA [29 U.S.C. §216 (b)].

76.     Plaintiff Pinger has consented in writing to be a party to this action, pursuant to Section 16 (b) of FLSA [29 U.S.C. §216 (b)]. Plaintiff's written consent has been filed with the Court.

### AND AS FOR A SEVENTH CAUSE OF ACTION
#### (on behalf of Plaintiff Reiner individually
#### under the Fair Labor Standards Act)

77.     Plaintiffs repeat and re-allege the allegations in Paragraphs 1 through 76 as if fully set forth herein.

78.     Upon information and belief, at all time relevant to this action, Plaintiff Reiner was a non-exempt employee and Plaintiff Reiner's duties, including but not limited to computer repair duties, administrative functions, and travel time, were at all relevant times compensable time under Section 7 (a) of FLSA [29 U.S.C. §207 (a)].

79.     Upon information and belief, from February 19, 2001 until April 17, 2005 Defendant failed to pay Plaintiff Reiner for all hours worked by him and has willfully failed to pay him overtime compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked by him in excess of 40 hours in a week, in violation of Section 7 (a) of FLSA [29 U.S.C. §207 (a)].

80.     As a result of Defendant's FLSA violations, Plaintiff Reiner is entitled to recover from Defendant his unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to Section 16 (b) of FLSA [29 U.S.C. §216 (b)].

81.     Plaintiff Reiner has consented in writing to be a party to this action, pursuant to Section 16 (b) of FLSA [29 U.S.C. §216 (b)].  Plaintiff's written consent has been filed with the Court.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (on behalf of Plaintiff Sybal individually
### under the Fair Labor Standards Act)

82.    Plaintiffs repeat and re-allege the allegations in Paragraphs 1 through 81 as if fully set forth herein.

83.    Upon information and belief, at all time relevant to this action, Plaintiff Sybal was a non-exempt employee and Plaintiff Sybal's duties, including but not limited to computer repair duties, administrative functions, and travel time, were at all relevant times compensable time under Section 7 (a) of FLSA [29 U.S.C. §207 (a)].

84.    Upon information and belief, from on or about November, 2001 to September 2005, Defendant failed to pay Plaintiff Sybal for all hours worked by him and has willfully failed to pay him overtime compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked by him in excess of 40 hours in a week, in violation of Section 7 (a) of FLSA [29 U.S.C. §207 (a)].

85.    As a result of Defendant's FLSA violations, Plaintiff Sybal is entitled to recover from Defendant his unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to Section 16 (b) of FLSA [29 U.S.C. §216 (b)].

86.    Plaintiff Sybal has consented in writing to be a party to this action, pursuant to Section 16 (b) of FLSA [29 U.S.C. §216 (b)]. Plaintiff's written consent has been filed with the Court.

## AS AND FOR A NINTH CAUSE OF ACTION
### (on behalf of Plaintiff Francisco Torres
### individually under the Fair Labor Standards Act)

87.     Plaintiffs repeat and re-allege the allegations in Paragraphs 1 through 86 as if fully set forth herein.

88.     Upon information and belief, at all time relevant to this action, Plaintiff Francisco Torres was a non-exempt employee and Plaintiff Francisco Torres's duties, including but not limited to computer repair duties, administrative functions, and travel time, were at all relevant times compensable time under Section 7 (a) of FLSA [29 U.S.C. §207 (a)].

89.     Upon information and belief, from on or about November 1997 and continuing to the present Defendant has failed to pay Plaintiff Francisco Torres for all hours worked by him and has willfully failed to pay him overtime compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked by him in excess of 40 hours in a week, in violation of Section 7 (a) of FLSA [29 U.S.C. §207 (a)].

90.     As a result of Defendant's FLSA violations, Plaintiff Francisco Torres is entitled to recover from Defendant his unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to Section 16 (b) of FLSA [29 U.S.C. §216 (b)].

91.     Plaintiff Francisco Torres has consented in writing to be a party to this action, pursuant to Section 16 (b) of FLSA [29 U.S.C. §216 (b)].  Plaintiff's written consent has been filed with the Court.

**AS AND FOR A TENTH CAUSE OF ACTION**
**(on behalf of Plaintiff Julie Torres**
**individually under the Fair Labor Standards Act)**

92.     Plaintiffs repeat and re-allege the allegations in Paragraphs 1 through 91 as if fully set forth herein.

93.     Upon information and belief, at all time relevant to this action, Plaintiff Julie Torres was a non-exempt employee and Plaintiff Julie Torres's duties, including but not limited to computer repair duties, administrative functions, and travel time, were at all relevant times compensable time under Section 7 (a) of FLSA [29 U.S.C. §207 (a)].

94.     Upon information and belief, from on or about November 2001 and continuing to the present Defendant failed to pay Plaintiff Julie Torres for all hours worked by her and has willfully failed to pay her overtime compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked by her in excess of 40 hours in a week, in violation of Section 7 (a) of FLSA [29 U.S.C. §207 (a)].

95.     As a result of Defendant's FLSA violations, Plaintiff Julie Torres is entitled to recover from Defendant her unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to Section 16 (b) of FLSA [29 U.S.C. §216 (b)].

96.     Plaintiff Julie Torres has consented in writing to be a party to this action, pursuant to Section 16 (b) of FLSA [29 U.S.C. §216 (b)].  Plaintiff's written consent has been filed with the Court.

22

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (by each and all of the Named Plaintiffs on behalf of themselves and all similarly situated individuals under the FLSA)

97.   Plaintiffs repeat and re-allege the allegations in Paragraphs 1 through 96 as if fully set forth herein.

98.   The Named Plaintiffs bring this FLSA action on behalf of themselves and all similarly situated persons who work or have worked for Defendant (within the meaning of the FLSA) performing computer repair services: a) at anytime during the three years preceding the filing of the original Complaint in this action; or b) at anytime since December 10, 2001, in the event the Court determines that the applicable statute of limitations should be tolled.

99.   Upon information and belief, there are hundreds of similarly situated current and former employees of Defendant across the country who have been subjected to the same nationwide corporate policies and practices as the Named Plaintiffs including the policy and practice of wrongfully classifying them as independent contractors from 2001 through 2003, not paying them for all hours that they worked in a week, not paying them overtime compensation for all hours that they worked in excess of 40 in a week, and not paying them overtime for all hours worked in excess of 40 in a week at a rate not less than one and one-half times their regular rate.

100.   Upon information and belief, at all times relevant to this action, as a matter of corporate policy and practice, Defendant has willfully suffered and permitted Named Plaintiffs and similarly situated employees to work over 40 hours in a week and was aware that named Plaintiffs and similarly situated employees did in fact regularly or frequently work over 40 hours in a week without paying them the prescribed overtime compensation for all such hours worked in excess of forty.

101.    Upon information and belief, those similarly situated employees are known to Defendant and are readily identifiable and can be located through Defendant's records. Those similarly situated employees would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit.

102.    As a result of the foregoing, this action is properly maintainable as a collective action under the FLSA.

103.    Upon information and belief, as Defendant deliberately and wrongfully misclassified Plaintiffs and similarly situated employees as independent contractors from 2001 to 2003, and has never given its employees notice of their rights to overtime compensation under the FLSA, Named Plaintiffs and all similarly situated computer repair technicians are entitled as a matter of equity to have the statute of limitations tolled during the period that they were misclassified as independent contractors.

104.    As a result of Defendant's willful violations of the FLSA, Named Plaintiffs and all other current and former employees similarly situated to Plaintiffs who have worked for Defendant at any time during the three years prior to the filing of the original Complaint in this action (or if appropriate at any time since 2001) are entitled to recover from Defendant their unpaid overtime compensation earned during such period, plus liquidated damages in equal amounts, plus reasonable attorneys' fees and costs and disbursements pursuant to Section 16 (b) of the FLSA.