## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES AZZARA, JACQUES R. DANTEC, WARREN S. INMAN, DONALD PINGER, MICHAEL SYBAL, FRANCISCO TORRES, JULIE TORRES, ROBERT REINER, PATRICIA RENEE ALLINGER AND ROBERT ANDERSON individually and on behalf of other similarly situated individuals | CIVIL ACTION NO. 3:05 CV 855 (MRK) |

                                                Plaintiffs,

                        - against -

BANCTEC, INC.

                                                              FEBRUARY 23, 2007
                                Defendant.

### MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, TO PROCEED AS A CLASS ACTION FOR SETTLEMENT PURPOSES ONLY AND TO ISSUE NOTICE TO CLASS MEMBERS

**I.      INTRODUCTION**

        The named Plaintiffs, individually and on behalf of the putative class, and the

Defendant, Banctec, Inc. have jointly moved for an Order (1) granting preliminary approval

of the parties' proposed Joint Stipulation of Settlement and Release ("Settlement

Agreement"), a copy of which is attached as Exhibit 1; (2) certifying this matter as a class

action for settlement purposes only under Fed. R. Civ. P. 23 with respect to claims under

New York law; (3) approving the form and content of the parties' proposed Notice of

Pendency of Class Action, Proposed Settlement and Opportunity to Opt-In ("Notice of

Settlement"), a copy of which is attached as Exhibit A to the Settlement Agreement; (4)

approving the form and content of the parties' proposed Consent to Join Settlement and

Claim Form ("Consent Form"), a copy of which is attached as Exhibit B to the Settlement

Agreement; (5) approving the Exclusion Form, a copy of which is attached as Exhibit C to

the Settlement Agreement; (6) directing the mailing of the Notice of Settlement, Consent

Form, and Exclusion Form by first class mail to the Potential Settlement Class members;

(7) preliminarily approving the payment to the Class Representatives and an award of

attorneys' fees, as set forth in the Settlement Agreement; and (8) scheduling a date for

hearing on the question of whether the proposed settlement should be finally approved as

fair, reasonable and adequate as to the Settlement Class.  The Parties submit that the

Settlement Agreement is fair, reasonable, adequate and within a range that deserves

preliminary approval and notice to the Class.

## II.      STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

On May 27, 2005, James Azzara, Jacques R. Dantec, Donald Pinger, Warren S.

Inman,[1] Michael Sybal, Julie Torres,[2] Francisco Torres, on behalf of themselves and all

others similarly situated, commenced a purported class action against BANCTEC in the

United States District Court for the District of Connecticut (the "Azzara Action").  The

Azzara Action alleged that Defendant failed to compensate Plaintiffs, and similarly situated

---

[1] Warren S. Inman stipulated to the dismissal with prejudice of his claims on February 23, 2007, but the caption has not been amended to reflect that he is no longer a party to the Action.

[2] Julie Torres stipulated to the dismissal with prejudice of her claims on or about August 30, 2006, but the caption has not yet been amended to reflect that she is no longer a party to the Action.

individuals, for overtime and all hours worked in violation of the FLSA and the Connecticut Minimum Wage Act.

On June 2, 2005, Plaintiff Robert Reiner, on behalf of himself and all others similarly situated, commenced a purported class action against BANCTEC in the United States District Court for the Western District of New York (the "Reiner Action).  The Reiner Action alleged that Defendant failed to compensate Plaintiffs, and similarly situated individuals, for overtime and all hours worked in violation of the FLSA and New York law.

On January 24, 2006 the United States District Court for the Western District of New York transferred the Reiner Action to the United States District Court for the District of Connecticut.  On March 6, 2006, the Azzara Action and the Reiner Action were consolidated as the Action, and plaintiffs Patricia Renee Allinger and Robert Anderson joined as plaintiffs.  In the Action, plaintiffs alleged that they and the Class were improperly deemed ineligible for overtime compensation under  federal overtime law and Connecticut and New York law and that they were not paid compensation for overtime hours they worked, including interest and penalties.

On July 21, 2006 the Parties participated in a full day mediation with the Honorable William Garfinkel, United States Magistrate Judge and failed at that time to reach an agreement to settle the Action.  Subsequent to the mediation, and with the continued assistance of Magistrate Judge Garfinkel, during the months of August, September and October, 2006, the Parties reached an agreement to settle this Action on the terms set forth below.

The Parties agree that the Court shall certify a class only pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for the purpose of implementing the terms of this Settlement.  This class shall consist of individuals who worked for Defendant in the State of New York from April 18, 1999 until April 17, 2005 in one of the covered positions (FlexTechs, Incentive Based Technicians, Customer Service Technicians, and Independent Contractors who performed computer repair services for BANCTEC, and who are deemed to have worked over forty hours in at least one week and who were not paid for such overtime work during that time as shown by the overtime formula agreed upon by the parties.

Class Counsel represents that they have conducted a thorough investigation into the facts of this case, and have diligently pursued an investigation of the Class Members' claims against BANCTEC, including (i) interviewing Class Members and analyzing the results of Class Member interviews; (ii) reviewing relevant documents; (iii) researching the applicable law and the potential defenses.  Based on their own independent investigation and evaluation, Class Counsel are of the opinion that the Settlement is fair, reasonable, and adequate and is in the best interest of the Class Members in light of all known facts and circumstances, including the risk of significant delay, and defenses asserted by BANCTEC. BANCTEC agrees that the Settlement is fair, reasonable and adequate.

## III.   DISCUSSION

### A.   This Matter Should Proceed as a Class Action For Purposes of Settlement and Notice Should Be Issued

When parties jointly move for class certification of an action for purposes of implementing a settlement, the Court must determine whether the requirements of Rule 23 are satisfied, and that the proposed settlement is fair, reasonable, and adequate.   *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 180 (W.D.N.Y. 2005).  Here, the Court should approve the settlement reached between the Parties, certify this matter as a class action for purposes of settlement only under Rule 23, and order notices to be issued to class members because all of the requirements of Rule 23 are satisfied, and the settlement is fair, reasonable, and adequate.

1.    *This Matter Should Proceed as a Class Action for Purposes of Implementing the Settlement.*

The claims in this action arising under New York State Law and implementing regulations (hereinafter "New York State Law Claims") are properly maintainable as class action under Federal Rule of Civil Procedure 23 (a).

Numerosity is satisfied.  There are eighty-nine (89) members of the putative class, so joinder of all members is impracticable.  *Frank v. Eastman Kodak Co.*, 228 F.R.D. at 180-81 (finding numerosity satisfied and certifying class for purposes of implementing settlement where class only consisted of 25 members).

Commonality is satisfied because there are questions of law and fact common to the class. The New York State Law claims are based on whether or not Defendant's corporate-wide policies and practice vis-à-vis the compensation and terms and conditions of employment of its

5

computer repair technicians have resulted in the denial to them of compensation to which they are entitled under New York State Law.  *Id. at* 181 (finding commonality satisfied and certifying class for purposes of implementing settlement where "all plaintiffs have raised the identical claim that they were denied overtime compensation by Kodak for hours worked over forty in certain work weeks").

Typicality is satisfied because the claims of the Named Plaintiffs are typical of the claims of the class and they arise from the same course of events, as all claims allege that Defendant failed to compensate the Named Plaintiffs and the class members in accordance with identical provisions of New York law.  *Id.* (finding typicality satisfied and certifying class for purposes of implementing settlement where the named plaintiff's claims "arise from the same course of events as those raised by all other class members - - that is, all class members, including Frank, allege that Kodak failed to pay them, as employees who were referred to Kodak by Shenouda, overtime wages for hours worked in excess of forty per week during the relevant time period" and the legal arguments raised by the claims of the plaintiff and the class members were common.).

Finally, the adequacy of representation requirement has been satisfied.  The Named Plaintiffs will fairly and adequately represent the interest of the class because they are similarly situated to the class members and Named Plaintiffs are not aware of any way in which their interests are antagonistic or adverse to the interests of the class members.  Class Counsel is also well-qualified and adequate to represent the interests of the class.

The New York State Law Claims are otherwise properly maintainable as a class action under Fed. R. Civ. P. 23 (b) (3) because: a) the questions of law and fact common to the class

predominate over any questions affecting only individual members; b) a class action is superior

to other available methods of adjudicating the class members' claims because: i) the New York

State Law claims arise out of the same nucleus of operative facts as the FLSA collective action

claims; ii) many of the individual class members' claims are relatively small, so that those

persons are likely to lack sufficient resources and incentive to bring individual suits and they are

also not likely to have a strong interest in individually controlling the prosecution of separate

actions; iii) upon information and belief, there has been no other litigation concerning the New

York State Law claims in any other forum; and iv) a class action can be managed without undue

difficulty as the claims are based upon Defendant's corporate compensation policies and

Defendant is required to maintain records concerning the compensation and hours worked of

each member of the class. *See Frank v. Eastman Kodak Co.*, 228 F.R.D. at 182-84(finding

requirements of Rule 23(b)(3) satisfied and certifying class for purposes of settlement only where

all members of the class alleged that they were denied compensation for hours worked in

violation of the FLSA and New York law, the methodology used to calculate the award to each

class member will be identical, and class adjudication was superior.).

> 3.    *Notice of the Settlement Should Be Sent to Each Putative Class Member*

Once a case has been certified to proceed as a class action for purposes of

settlement, a court may authorize plaintiffs to send notice to prospective members of the

settlement class.    The Parties, after extensive negotiations, have agreed upon the language of the

Notice of Settlement, attached as Exhibit A to the Settlement Agreement.  Also, as part of the

Settlement Agreement, the Parties have agreed upon the procedures to be used in sending notice

to all putative class members, and have agreed upon a forty-five day "opt-out" and claim period,

commencing on the date that the Notice of Settlement is mailed.  Under these circumstances, the

Court should authorize notice to the putative class members in the form agreed to by the Parties.

### B.      The Court Should Preliminarily Approve the Settlement

#### 1.      Judicial Standards for Approval of Settlements Under Rule 23 of the Federal Rules of Civil Procedure

When employees bring a private action for back wages under Rule 23 and present

to the district court a proposed settlement, the district court may enter a stipulated judgment after

scrutinizing the settlement for fairness.  *Frank,* 228 F.R.D. at 74.  In examining a settlement

proposal for fairness, a court must make two fundamental determinations: first, whether the

settlement involves the resolution of a bona fide dispute over a provision of the FLSA; and

second, whether the settlement is fair and reasonable. *Lynn's Food Stores, Inc.*, 679 F.2d 1350,

1353 & 1355 (11th Cir. 1982); *Dail v. George A. Arab, Inc.*, 391 F. Supp.2d 1142, 1145 (M.D.

Fla. 2005).  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over

issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] . . .

the district court [may] approve the settlement in order to promote the policy of encouraging

settlement of litigation."  *Lynn's Food Stores, Inc.*, 679 F.2d at 1354; see also *Jarrad v. Southern

Shipbuilding Corp.*, 163 F.2d 960 (5th Cir. 1947); *Stalnaker v. Novar Corporation*, 293 F.

Supp.2d 1260 (M.D. Al. 2003).  In this case, both criteria for approving the settlement exist.  The

settlement resolves bona fide disputes over, inter alia, the exempt status of the Named Plaintiffs

and the class members, and it is fair and reasonable in light of all circumstances.  Accordingly,

the Court should grant the joint motion and preliminarily approve the settlement.

2.    *There are Bona Fide Disputes Under the FLSA and under New York law*

It is clear that this matter involves bona fide disputes over the applicability of provisions of the FLSA and New York Law.  These disputed issues include, but are not limited to, whether the members of the class were properly classified as independent contractors during a portion of the class period, whether the members of the class are exempt from the requirements of the FLSA under the motor carrier exemption, and whether members of the class were properly paid for all hours worked in accordance with New York law.  In addition, whether the members of the class were similarly situated for purposes of certification of a collective action, whether the requirements of class certification are satisfied, as well as the extent of overtime and uncompensated hours actually worked and the amount of unpaid compensation that may be due also are issues in dispute.

3.    *The Proposed Settlement is "Fair and Reasonable"*

A court may approve a class action settlement if it is fair, reasonable, and adequate.  *Frank,* 228 F.R.D. at 180.  *See also Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005), citing *Joel A. v. Giuliani*, 218 F.3d 132, 139 (2d Cir. 2000).  A settlement's fairness is determined by looking at both the settlement's terms and the negotiating process leading to settlement.  *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001).  A "presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery." *Wal-Mart Stores*, 396 F.3d at 116, citing Manual for Complex Litigation, Third, § 30.42 (1995). In determining whether a settlement is "fair and  reasonable", a court should keep in mind the

9

strong presumption in finding a settlement fair if it has been negotiated at arms-length by experienced counsel. *Dail*, 391 F. Supp.2d at 1146, citing *Cotton v. Hinton*, 559 F. 2d 1326, 1330 (5th Cir. 1977); *In re PaineWebber Ltd. Partnerships Litigation*, 147 F.3d 132, 138 (2d Cir. 1998).

Courts within the Second Circuit examine the fairness, adequacy, and reasonableness of a class settlement according to the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974) ("*Grinnell*"). These factors are:

(1)     the complexity, expense and likely duration of the litigation;

(2)     the reaction of the class to the settlement;

(3)     the stage of the proceedings and the amount of discovery completed;

(4)     the risks of establishing liability;

(5)     the risks of establishing damages;

(6)     the risks of maintaining the class action through the trial;

(7)     the ability of the defendants to withstand a greater judgment;

(8)     the range of reasonableness of the settlement fund in light of the best possible recovery; and

(9)     the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*Grinnell*, 495 F.2d at 463 (citations omitted). A review of these factors weighs in favor of approving the settlement in this case.

a.     <u>The complexity, expense and likely duration of the litigation</u>

The Parties reasonably believe that this case will require contentious litigation and

substantial expense to complete.  Named Plaintiffs will seek to proceed as a collective action

under the FLSA.   Defendant will oppose this on multiple grounds, including, but not limited to,

the argument that the putative class members are not similarly situated to the Named Plaintiffs.

The Parties also expect to litigate numerous other complex issues, including but not limited to

the applicability of the motor carrier exemption.  The Parties believe that to the extent that issues

are not resolved as a result of Defendant's pending Motion for Summary Judgment based on the

motor carrier exemption, substantial motion practice and discovery will be needed to resolve the

case.  Under these circumstances, the Court may reasonably conclude that continued litigation of

the case will be so lengthy, complex and expensive as to weigh in favor of preliminarily

approving the settlement.

b.      The reaction of the class to the settlement

Because no notice has yet been sent to the putative class members, it is impossible

to determine the precise reaction of the class to the settlement and to what extent, if any, there

will be objections.  This factor alone, however, does not outweigh the other *Grinnell* factors that

support approval.

c.      The stage of the proceedings and amount of discovery<br>completed

The third *Grinnell* factor also weighs in favor of approval.  While the Parties have

agreed not to engage in extensive formal discovery during the pendency of settlement

discussions, sufficient discovery has been conducted in order for each party to gain a full

understanding of the other's respective claims and defenses.   To that end, Plaintiffs' counsel

have reviewed extensive documentation regarding the Plaintiffs, including Defendant's initial

11

and supplemental responses to Interrogatories and Requests for Production.

When, as here, significant formal and informal discovery and investigation has been conducted so as to allow counsel sufficient opportunity to gain a full understanding of the factual and legal issues presented by the case, approval of a settlement is appropriate.  See, *e.g.*, *Hawker v. Consovoy*, 198 F.R.D. 619, 631-32 (D.N.J. 2001).

In addition to this formal and informal discovery and independent investigation by Plaintiffs' counsel, the parties also had the benefit and assistance of substantial involvement by the Court in reaching the settlement, through the efforts of Magistrate Judge Garfinkel at the settlement conference of July 21, 2006, and throughout the months of August, September, and October of 2006.  Such court involvement is a factor that weighs in favor of a finding of fairness.  See, *e.g.*, *Camp*, No. Civ. A. 01-2680, Civ. A. 03-2507, 2004 WL 2149079 at *9 (E.D. La. Sept. 23, 2004).  Under these circumstances, the Court reasonably may determine that this factor weighs in favor of preliminarily approving the settlement.

> d.      The risks of establishing liability and damages

As noted above, the Parties do not agree that Defendant's actions violated the FLSA or New York law.  Nor do they agree that this case properly should proceed as a collective action and a class action.  In such cases, where establishing liability is "no sure thing" for plaintiffs, the risks of proceeding with litigation weigh in favor of settlement.  See, *e.g.*, *Wal-Mart Stores*, 396 F.3d at 118-119.

Under these circumstances, preliminary approval of the settlement is appropriate.

> e.      The risks of maintaining the class action through trial

There also is a risk that a collective action could be decertified at a later stage in

12

the litigation.  While the standard for conditional certification of a collective action under the FLSA is less rigorous, a more rigorous evaluation is performed after the completion of discovery. While the Parties have not yet completed discovery sufficient for the Court to conduct this more rigorous evaluation, the possibility of a later decertification may appropriately weigh in favor of approving a settlement.  See, *e.g.*, *Wal-Mart Stores*, 396 F.3d at 119 n. 24 (approving settlement even though "[t]he record does not include evidence concerning the likelihood of maintaining the class through trial, though decertification is always possible as a case progresses and additional facts are developed.") (Internal citation omitted).

     f.  <u>The ability of Defendant to withstand a greater judgment</u>

    The Parties do not contend that Defendant lacks the resources to withstand a greater judgment.  As with the reaction of the class to the proposed settlement, however, this factor alone does not outweigh the other *Grinnell* factors that support approval.

     g.  <u>The range of reasonableness of the settlement fund in light of the best possible recovery, and the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation</u>

    The total settlement amount agreed upon by the Parties is $152,000.00 to be paid by BANCTEC.

    BANCTEC has agreed to pay the Named Plaintiffs $27,000.00.  Plaintiffs James Azzara, Jacques Dantec, Michael Sybal, and Francisco Torres will each be paid $1,000.00. Plaintiffs Robert Reiner, Patricia Renee Allinger, Donald Pinger, and Robert Anderson will be paid the following amounts: Allinger - $2,861.25; Anderson - $2,206.24; Pinger - $3,258.25, and

Reiner - $14,673.86.  Said incentive payments are reasonable in employment actions such as this.  *See Frank v. Eastman Kodak Co.*, 228 F.R.D. at 187-88 (approving incentive payment of $10,000.00 to the named plaintiff).

        Additionally, BANCTEC has agreed to pay $65,000 to Class Counsel, subject to Court approval.  "Awards of attorneys' fees in class settlements are generally calculated through the use of one of two methods; the "Lodestar" method, or the "Percentage of the Award" method.  Under the lodestar method, the court must multiply the number of hours reasonably billed by the reasonable hourly rate."  *Frank*, 228 F.R.D. at 188.  Under the percentage method, the court awards counsel a percentage of the total award.  *Id.*  Regardless of the method used, the Court evaluates the attorneys fee award under the six figures set forth in *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000).  *Id.*  In *Frank v. Eastman Kodak*, the Court reviewed these factors and concluded that an attorneys' fee award of $50,000 to counsel out of a $125,000 settlement was reasonable where the attorneys' fees under the lodestar method would have resulted in an award of $60,959.00, the vast majority of the time expended by class counsel was spent investigating the claims and negotiating a settlement, the regular hourly rates charged by class counsel were reasonable, the case involved complex issues of mixed fact and law, the risks to class counsel were significant at the time that they undertook the representation of the plaintiffs, and ultimate recovery for the class was uncertain if settlement was not reached.  *Id.* at 188-89.  Further, the Court held that the attorneys fee award was reasonable, even though it amounted to 40 percent of the total settlement amount, because class counsel expended 280 hours on the matter, the $50,000 attorneys fee award was ten thousand dollars less than the lodestar figure, the percentage of the total settlement was necessary in order to compensate

counsel adequate, and public policy favored the attorneys fee award where if it were not for the class action, many of the plaintiffs claims would not be heard because of their relatively small value. *Id.* at 189.

The award of attorneys' fees requested in this case is reasonable and should be approved for the same reasons set forth by the Court in *Frank v. Easstman Kodak Co.* As the attached declarations of Class Counsel William G. Madsen and Barbara Mehlsack demonstrate, this attorneys' fee amount is eminently reasonable. (Declarations of William G. Madsen and Barbara Mehlsack attached hereto as Exhibit 2.) Class Counsel have expended in excess of 1000 hours in this matter, which if paid at a lodestar rate would amount to several hundreds of thousands of dollars. (Declaration of William G. Madsen ¶ 7)(detailing expenditure of hours spent by attorneys and paralegals at Madsen, Prestley & Parenteau, LLC on this matter, totaling a lodestar figure of $173,534)(Declaration of Barbara Mehlsack ¶ 7)(detailing expenditure of hours spent by attorneys at Gorlick, Kravitz & Listhaus, P.C. on this matter, totaling a lodestar figure of $261,245.) In order to reach a compromise on this matter, Class Counsel have agreed to accept a small fraction of what they would be entitled to receive under the lodestar method. Under the circumstances, the requested attorneys' fee is reasonable. Additionally, the award of attorneys' fees in this matter is also consistent with public policy, which encourages class actions in matters such as these where, if it were not for the class action, relatively small claims might never be heard.

BANCTEC has agreed to pay up to $60,000 to class members who submit timely and valid claims. The Parties have negotiated a formula pursuant to which the class members claims will be calculated. BANCTEC has represented that during the Covered Period, there are

15

eighty-nine Class Members who may participate in the Settlement.  Their claims will be calculated according to an agreed upon formula:   Each class member will receive a minimum payment of $100, with the balance of the class recovery to be divided among the members of the class based upon estimates agreed-upon by the Parties, of overtime hours worked.  As part of the settlement, the Parties have agreed to estimate overtime hours worked by members of the class using three factors: (a) actual hours reported to BANCTEC by members of the class, (b) actual number of service calls handled by members of the class, and (c) and an agreed-upon "administrative time" factor, to account for time not actually reported.  From these factors, the Parties arrived at the  at the numerator and denominator of the fraction by which the Parties have multiplied the total class recovery net of the $100 minimum payments, to arrive at each individual class member's share of the recovery.

In reaching this agreement, each side has made concessions.  While this settlement formula may not be the "best possible recovery," it clearly is reasonable in light of the risks of the litigation, the costs of delay and the substantial and immediate benefits that will be realized by each member of the class.  The negotiations took into account all of these factors, as well as the strengths and weaknesses of each side's case, and all counsel believe that the resulting settlement fairly and appropriately reflects the risks to each side of prevailing or not prevailing on each of these factors.

"[T]he Court should consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation.  In this respect, 'It has been held proper to take the bird in the hand instead of the prospective flock in the bush.'"  *Oppenlander v. Standard Oil Co.*, 64

F.R.D. 597, 624 (D. Colo. 1974) (internal citation omitted).  Under these circumstances, preliminary approval of the Settlement Agreement is appropriate.

## IV.        CONCLUSION

After extensive arms-length negotiation by experienced counsel, and with substantial assistance by the Court, the Parties have reached an agreement to settle the bona-fide disputes between them regarding Defendant's compliance with the mandates of the FLSA and New York law.  The settlement as negotiated is fair and reasonable under the circumstances.  Accordingly, the Court should grant preliminary approval of the settlement set forth in the Joint Stipulation and Release (Exhibit 1); certify the case to proceed as a class action under Rule 23 with respect to claims under New York law for purposes of settlement only; approve the form and content of the Notice of Settlement (Exhibit A to the Settlement Agreement); approve the form and content of the Consent Form (Exhibit B to the Settlement Agreement); approve the Exclusion Form (Exhibit C to the Settlement Agreement); direct the mailing of the Notice of Settlement, Consent Form, and Exclusion Form by first class mail to the Potential Settlement Class members; preliminarily approve the payment to the Class Representatives, as set forth in the Settlement Agreement; preliminarily approve the payment of attorneys' fees to Class Counsel and fair and reasonable; and schedule a date for hearing on the question of whether the proposed settlement should be finally approved as fair, reasonable and adequate as to the Settlement Class.

PLAINTIFFS, James Azzara, Jacques Dantec, Donald Pinger, Michael Sybal, Francisco Torres, Robert Reiner, Patricia Renee Allinger, and Robert Anderson, and all others similarly situated,

By:_____/s/_____
William G. Madsen (ct09853)
Todd D. Steigman (ct26875)
Madsen, Prestley & Parenteau, LLC
44 Capitol Avenue, Suite 201
Hartford, CT 06106
(860) 246-2466- telephone
(860) 246-1794 - facsimile
**wmadsen@mppjustice.com**


By:_____/s/_____
Barbara S. Mehlsack (phv 0847)
**bmehlsack@gkllaw.com**
Dennis Torreggiani (phv 0848)
dtorreggiani@gkllaw.com
Gorlick, Kravitz & Listhaus, P.C.
17 State Street, 4th Floor
New York, New York 10004
Tel. (212) 269-2500
Fax  (212) 269-2540


DEFENDANT, BANCTEC, INC.


By:_____/s/_____
Kenneth W. Gage (ct12965)
Christopher Reilly (ct26818)
Paul, Hastings, Janofsky & Walker LLP
1055 Washington Boulevard
Stamford, CT 06901
Tel.: (203) 961-7400
Fax: (203) 359-3031
kennethgage@paulhastings.com

18

## **CERTIFICATION OF SERVICE**

I hereby certify that on the 23rd day of February, 2007 a copy of foregoing MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, TO PROCEED AS A CLASS ACTION FOR PURPOSES OF SETTLEMENT ONLY AND TO ISSUE NOTICE TO CLASS MEMBERS was filed electronically [and served by mail on anyone unable to accept electronic filing].  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing].  Parties may access this filing through the Court's system.

_____
Todd Steigman

19