UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES AZZARA, JACQUES R. DANTEC, WARREN S. INMAN, DONALD PINGER, MICHAEL SYBAL, FRANCISCO TORRES, JULIE TORRES, ROBERT REINER, PATRICIA RENEE ALLINGER and ROBERT ANDERSON, on behalf of themselves and all others similarly situated<br><br>Plaintiff,<br><br>- against -<br><br>BANCTEC, INC.<br><br>Defendant. | CIVIL ACTION NO.<br>3:05-CV-0855 (MRK)<br><br><br><br><br><br><br><br>February *23,* 2007 |

## JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFFS AND BANCTEC, INC.

Plaintiffs James Azzara, Jacques R. Dantec, Donald Pinger, Michael Sybal, Francisco Torres, Robert Reiner, Patricia Renee Allinger and Robert Anderson ("Plaintiffs") and defendant BancTec, Inc. by and through their respective counsel of record, agree to resolve the above-captioned case through this Joint Stipulation of Settlement and Release.

## I.
## DEFINITIONS

1.     "Action" means the consolidated civil action filed on March 6, 2006 in the United States District Court for the District of Connecticut, entitled *James Azzara, Jacques R. Dantec, Warren S. Inman, Donald Pinger, Michael Sybal, Francisco Torres, Julie Torres,*

*Robert Reiner, Patricia Renee Allinger and Robert Anderson, individually and on behalf of all others similarly situated v. BancTec, Inc.,* Case No. 3:05-CV-0855 (MRK).

2.      "BANCTEC" shall include Defendant BancTec, Inc. and all of its officers, directors, agents, attorneys, parents, predecessors, successors, subsidiaries, and related and affiliated entities.

3.      "Claims Administrator" shall refer to BANCTEC, which will perform the duties of (i) preparing the Claim Forms; (ii) mailing the Notice, Claim Forms and Exclusion Forms to Class Members; (iii) tracking returned Claim and Exclusion Forms; (iv) notifying the Parties of timely and untimely claims; (v) mailing payments due pursuant to the Settlement.

4.      "Claim Form" shall mean Exhibit "B", the form approved by the Parties and subject to Court approval which each Class Member must submit to recover his/her portion of the settlement proceeds.

5.      "Class" or "Class Members" shall mean all persons who worked for BANCTEC in the State of New York in the Covered Positions and who are deemed to have worked over forty hours in at least one week and who were not paid for such overtime work during the Covered Period as shown by the overtime formula agreed upon by the parties.

6.      "Class Representatives" shall mean Plaintiffs, James Azzara, Jacques R. Dantec, Michael Sybal, Francisco Torres, Robert Reiner, Patricia Renee Allinger, Donald Pinger and Robert Anderson.

7.      "Class Counsel" shall mean Madsen, Prestley & Parenteau, LLC, 44 Capitol Avenue, Suite 201, Hartford, CT  06106 and Gorlick, Kravitz & Listhaus, P.C., 17 State Street, 4th Floor, New York, NY  10004.

8.      "Class Members' Released Period" shall mean the period April 18, 1999 through April 17, 2005.

9.      "Class Representatives' Released Period" shall mean the period from the start of time to the date on which the District Court gives final approval of the Settlement.

10.     "Court" refers to the United States District Court of the District of Connecticut.

11.     "Covered Period" shall mean the period April 18, 1999 through April 17, 2005.

12.     "Covered Positions" refers FlexTechs, Incentive Based Technicians, Customer Service Technicians, and Independent Contractors who performed computer repair services for BANCTEC.

13.     "Exclusion Form" refers to Exhibit "C", the Request for Exclusion Form approved by the Parties and subject to Court approval which a Class Member must submit to exclude himself or herself from the release of claims pursuant to this Settlement.

14.     "Final Judgment" shall mean the Order Granting Final Approval of Class Action Settlement and Judgment entered by the Court.

15.     "Settlement Payment" shall mean One Hundred Fifty Two Thousand dollars ($152,000.00) to be paid by BANCTEC pursuant to this Settlement.

16.    "Notice" shall mean the Notice of Pendency of Class Action, Proposed Settlement and Hearing Date for Court Approval attached as Exhibit "A." It is the notice approved by the Parties and subject to Court approval which the Claims Administrator will mail to each Class Member explaining the terms of the Settlement and the claims process.

17.    "Parties" shall mean the Class Representatives and BANCTEC.

18.    "Settlement" shall mean this Joint Stipulation of Settlement and Release.

19.    "Settlement Effective Date" shall mean the first day following the last of the following occurrences:

(a)    The date the time to appeal or seek permission to appeal or seek other judicial review of the entry of a Final Judgment approving the Settlement has expired with no appeal or other judicial review having been taken or sought; or

(b)    If an appeal or other judicial review has been taken or sought, the date the Final Judgment is finally affirmed by an appellate court with no possibility of subsequent appeal or other judicial review therefrom, or the date the appeal(s) or other judicial review therefrom are finally dismissed with no possibility of subsequent appeal or other judicial review.

## II.
## RECITALS

20.    On May 27, 2005, James Azzara, Jacques R. Dantec, Donald Pinger, Warren S. Inman, Michael Sybal, Julie Torres, Francisco Torres, on behalf of themselves and all others similarly situated, commenced a purported class action against BANCTEC in the United States District Court for the District of Connecticut (the "Azzara Action"). On June 2, 2005,

Plaintiff Robert Reiner, on behalf of himself and all others similarly situated, commenced a purported class action against BANCTEC in the United States District Court for the Western District of New York (the "Reiner Action").[1]  On January 24, 2006 the United States District Court for the Western District of New York transferred the Reiner Action to the United States District Court for the District of Connecticut.  On March 6, 2006, the Azzara Action and the Reiner Action were consolidated as the Action, and plaintiffs Patricia Renee Allinger and Robert Anderson joined as plaintiffs.  In the Action, plaintiffs alleged that they and the Class were improperly deemed ineligible for overtime compensation under  federal overtime law and Connecticut and New York overtime law and that they were not paid compensation for overtime hours they worked, including interest and penalties.

21.     Plaintiffs believe the Action is meritorious based on alleged violations of New York's wage and hour laws, Connecticut's wage and hour laws, and the Fair Labor Standards Act, and that the Action is appropriate for class action treatment.  BANCTEC denies any liability or wrongdoing of any kind associated with the claims alleged, and contends that, for any purpose other than settlement, the Action is not appropriate for class or collective action treatment pursuant to Federal Rule of Civil Procedure 23 or 29 U.S.C. § 216(b) respectively. BANCTEC further contends that it has complied with the New York State Labor Law, the Connecticut Minimum Wage Act, and the Fair Labor Standards Act.

22.     On July 21, 2006 the Parties participated in a full-day mediation with the Honorable William Garfinkel, United States Magistrate Judge and failed at that time to reach an

---

[1] Julie Torres stipulated to the dismissal with prejudice of her claims on or about August 30, 2006, and Warren S.

agreement to settle the Action.  Subsequent to the mediation, and with the continued assistance of Magistrate Judge Garfinkel, during the months of August, September and October, 2006, the Parties reached an agreement to settle this Action on the terms set forth below.

23.     The Parties agree that the Court shall certify a class only pursuant to Rule 23 of the Federal Rules of Civil Procedure, solely for the purpose of implementing the terms of this Settlement.

24.     Class Counsel represents that they have conducted a thorough investigation into the facts of this case, and have diligently pursued an investigation of the Class Members' claims against BANCTEC, including (i) interviewing Class Members and analyzing the results of Class Member interviews; (ii) reviewing relevant documents; (iii) researching the applicable law and the potential defenses.  Based on their own independent investigation and evaluation, Class Counsel are of the opinion that the Settlement is fair, reasonable, and adequate and is in the best interest of the Class Members in light of all known facts and circumstances, including the risk of significant delay, and defenses asserted by BANCTEC.  BANCTEC agrees that the Settlement is fair, reasonable and adequate.

25.     The entry of Final Judgment in this Action shall dismiss with prejudice all claims which were or which could have been alleged in Plaintiffs' complaint.  The Parties agree to cooperate and take all steps necessary and appropriate to obtain preliminary and final approval of this Settlement, to effectuate its terms, and to dismiss this Action with prejudice.

---

Inman stipulated to the dismissal of his claims with prejudice on or about February 23, 2007.

**III.**
**TERMS OF SETTLEMENT**

26.    Maximum Payment:

(a)    The Maximum Payment under the Settlement, if all Class Members file valid and timely claims, is one hundred fifty-two thousand dollars ($152,000.00), consisting of the following: (1) up to sixty thousand dollars ($60,000.00), to pay the timely and valid claims of the Class Members ("Maximum Class Payments"); (2) sixty-five thousand dollars ($65,000.00) in attorney's fees to Class Counsel, subject to Court approval; and (3) twenty-seven thousand dollars ($27,000.00) in payments to the Class Representatives, subject to Court approval.

(b)    With respect to the portion of the Maximum Payment allocated to pay the timely and valid claims of the Class Members, the Parties have developed a formula that results in the complete allocation of that portion to the Class members, assuming that all Class Members timely submit valid claims.  If fewer than all Class Members timely submit valid claims, the residual shall be the exclusive property of BANCTEC.

(c)    BANCTEC has represented that during the Covered Period, there are eighty-nine Class Members who may participate in the Settlement and provided Class Counsel with available business records indicating the number of service calls and hours worked by Class Members to facilitate Class Counsel's evaluation of the Settlement and the allocation to the Class members.

27.    Costs:  BANCTEC will bear all administrative costs and expenses in connection with the administration of the settlement.

-7-

28.   Payments to Class Representatives:  Conditioned upon the Class Representatives' execution of a general release in favor of BANCTEC, BANCTEC agrees to pay to each of them as follows:

(a)   Plaintiffs James Azzara, Jacques R. Dantec, Michael Sybal, and Francisco Torres will each be paid $1000.

(b)   Plaintiffs Robert Reiner, Patricia Renee Allinger, Donald Pinger, and Robert Anderson will each be paid the following amounts: Allinger - $ 2861.25; Anderson - $ 2206.64; Pinger - $ 3258.25; Reiner $ 14,673.86.

(c)   All of the payments to the Class Representatives will be deducted from the Maximum Payment under the Settlement.

(d)   Tax Allocation:  The Parties agree that the settlement payments to Class Representatives are ten-percent (10%) wages subject to the withholding of all applicable local, state and federal taxes, and ninety-percent (90%) penalties and interest.  BANCTEC will pay its portion of payroll taxes and withholdings, which will not be deducted from the payments to Class Members.

29.   Payments to Class Members:

(a)   BANCTEC agrees to pay only those Class Members who submit timely and valid Claim Forms.  To be timely, the Claim Forms must be postmarked by the date indicated on the Claim Form, except for good cause as described in paragraph 34 below.  To be valid, Claim Forms must be completed in full  signed under penalty of perjury, and either

notarized or accompanied by a photocopy of the driver's license of the claimant or other form of government issued picture identification (*e.g.*, passport).

(b)     Class Member Distribution Amount:  The gross amount distributed to each Class Member will be based on a formula the Parties developed for allocating the Maximum Class Payment.

(c)     Tax Allocation:  The Parties agree that the settlement payments to Class Members are fifty-percent (50%) wages subject to the withholding of all applicable local, state and federal taxes, and fifty-percent (50%) penalties and interest.  BANCTEC will pay its portion of payroll taxes and withholdings, which will not be deducted from the payments to Class Members.

(d)     Settlement Payment Date:  BANCTEC shall mail the settlement payments to the Class Members as well as the payment to the Class Representatives within twenty (20) calendar days following the Settlement Effective Date.  BANCTEC shall mail the payment for attorneys' fees and costs within twenty (20) calendar days following the Settlement Effective Date.

## IV.
## NOTICE TO THE PLAINTIFF CLASS

30.     A Notice in the form attached as Exhibit "A" and approved by the Court shall be sent by BANCTEC to the Class Members at their last known address, by first class mail, within thirty (30) days of the Court's entry of the Order Granting Preliminary Approval of the Settlement and Notice.  Attached to the Notice will be a Claim Form and a Request for Exclusion Form, in the form attached as Exhibits "B" and "C."  If notices are returned as undeliverable,

BANCTEC shall use reasonable diligence to obtain a current address and re-mail the notices. Following this re-mailing, BANCTEC shall have no further obligation to send notice, except to send the notice to any forwarding address provided by the U.S. Postal Service.

31.    BANCTEC shall provide the Court, at least five (5) days prior to the final fairness hearing, a declaration indicating that it has satisfied its obligation with regard to the mailing of the Notice.

## V.
## CLAIM PROCESS

32.    Within thirty (30) days following the Court's entry of the Order Granting Preliminary Approval of the Settlement and Notice, the Claims Administrator will mail to all Class Members the Notice, the Claim Form and instructions, and the Request for Exclusion Form.

33.    Each Claim Form will specify the payment that the Class Member would receive if he/she timely submits a valid Claim Form.

34.    Class Members will have forty-five (45) days from the mailing of the Notice, Claim Forms and Exclusion Forms to submit their Claim Form or Exclusion Form. No Claim Forms or Exclusion Forms will be honored if postmarked after the deadline to submit claims. Additional time may be provided to a Class Member for good cause and within an amount of time to be determined by BANCTEC as the Settlement Administrator, in any event not to exceed fifteen (15) days. All original Claim Forms and Exclusion Forms shall be sent directly to BANCTEC in the preaddressed, postage prepaid envelopes that will be provided with these forms.

35.    BANCTEC shall be responsible for issuing the payments and calculating and withholding all required state and federal taxes.  BANCTEC will file proof of payment with the Court and will serve Class Counsel with a copy.

## VI.
## RELEASE OF CLAIMS

36.    Released Claims by Class Members.  The Class Members (other than those who file Exclusion Forms) hereby fully and finally release and discharge BANCTEC and its affiliated corporations and its officers, directors, employees, partners, shareholders and agents, and any other successors, assigns, or legal representatives ("Class Members' Released Parties"), from any and all wage-and-hour claims, rights, demands, liabilities and cause of action of every nature and description, whether known or unknown, arising during the period from April 18, 1999 through April 17, 2005 ("Class Members' Released Period"), including without limitation statutory, constitutional, contractual or common law claims for wages, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief, based on New York law (Class Members' Released Claims). The Class Members' Released Claims include claims meeting the above definition under any and all applicable New York State statutes, including without limitation the New York State Labor Law.

In addition, those Class Members who submit valid and timely Consent To Join Settlement And Claim Forms fully and finally release and discharge the Class Members' Released Parties from any and all federal wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, arising during the

-11-

Class Members' Released Period, including claims pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("Class Members' Released Federal Law Claims").

37.     Released Claims by the Class Representatives.  The Class Representatives hereby fully and finally release and discharge BANCTEC and its affiliated corporations and its officers, directors, employees, partners, shareholders and agents, and any other successors, assigns, or legal representatives ("Class Representatives' Released Parties"), from any and all claims, whether known or unknown, arising during the period from April 18, 1999 through April 17, 2005 ("Class Representatives' Released Period"), whether under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law; whether or not such claims are in the nature of claims for damages, unpaid wages, premium pay, deductions, unreimbursed business expenses, waiting-time penalties, or other penalties for overtime, missed meal periods, missed rest breaks, and other alleged wage-and-hour violations, attorneys' fees or injunctive relief; and whether sounding in contract or tort ("Class Representatives' Released Claims").  The Class Representatives' Released Claims include, but are not limited to, claims arising from or dependent on the New York State Labor Law; the Connecticut Minimum Wage Act;; and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

Class Members' Released Claims and Class Representatives' Released Claims shall be referred to as Released Claims.

## VII.
## DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL

38.     The Parties shall submit this Settlement to the Court in support of Plaintiffs' Motion for Preliminary Approval and determination by the Court as to its fairness,

-12-

adequacy, and reasonableness.  Promptly upon execution of this Settlement, the Parties shall apply to the Court for the entry of an Order Granting Preliminary Approval of the Settlement and Notice substantially in the following form:

        (a)     Scheduling a fairness hearing on the question of whether the proposed Settlement should be finally approved as fair, reasonable and adequate as to the Class;

        (b)     Approving as to form and content the proposed Notice;

        (c)     Approving as to form and content the proposed Claim Form and instructions for BANCTEC employees in the Covered Positions;

        (d)     Approving as to form and content the proposed Exclusion Form;

        (e)     Directing the mailing of the Notice, the Claim Form and the Exclusion Form by first class mail to the Class Members;

        (f)     Preliminarily approving the Settlement;

        (g)     Preliminarily certifying the Class for purposes of Settlement; and

        (h)     Approving Madsen, Prestley & Parenteau, LLC and Gorlick, Kravitz & Listhaus, P.C. as Class Counsel, and James Azzara, Jacques R. Dantec, Donald Pinger, Michael Sybal, Francisco Torres, Robert Reiner, Patricia Renee Allinger and Robert Anderson as Class Representatives.

## VIII.
## DUTIES OF THE PARTIES FOLLOWING FINAL COURT APPROVAL

        39.     Following final approval by the Court of the Settlement, Class Counsel will submit a proposed Final Judgment:

(a)     Approving the Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

(b)     Approving Class Counsel's application for an award of attorneys' fees;

(c)     Approving the Class Representatives' payments;

(d)     Certifying the Class for Settlement purposes pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(e)     Dismissing this Action on the merits and with prejudice and permanently barring all Class Members (other than those who timely filed Exclusion Forms) from prosecuting against the Class Members' Released Parties any and all Class Members' Released Claims arising during the Class Members' Released Period; and

(f)     Permanently barring the Class Representatives from prosecuting against the Class Representative's Released Parties any and all Class Representative's Released Claims arising during the Class Representative's Released Period.

## IX.
## VOIDING THE AGREEMENT

40.     If this Settlement is not approved, the Settlement shall not be used nor be admissible in any subsequent proceedings either in this Court or in any other Court or forum.  If there is any reduction in the attorneys' fee award, such reduction may be appealed as set forth below but is not a basis for rendering the entire Settlement voidable and unenforceable.

## X.
## PARTIES' AUTHORITY

41.    The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

## XI.
## MUTUAL FULL COOPERATION

42.    The Parties agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Settlement.  The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of this Settlement.  As soon as practicable after execution of this Settlement, Class Counsel shall, with the assistance and cooperation of BANCTEC and its counsel, take all necessary steps to secure the Court's Final Judgment.

## XII.
## NO PRIOR ASSIGNMENTS

43.    The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

## XIII.
## NO ADMISSION

44.    Nothing contained in this Settlement shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of BANCTEC, and BANCTEC denies liability therefor.  Each of the Parties has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. This Settlement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

## XIV.
## ENFORCEMENT ACTIONS

45.    In the event that one or more of the Parties institutes any legal action, arbitration, or other proceeding against any other party or parties to enforce the provisions of this Settlement or to declare rights and/or obligations under this Settlement, the successful party or parties shall be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

## XV.
## NOTICES

46.    Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

-16-

(a)   To the Class:
      William G. Madsen
      Madsen, Prestley & Parenteau, LLC
      44 Capitol Avenue; Suite 201
      Hartford, CT  06106

      and

      Barbara S. Mehlsack
      Gorlick, Kravitz & Listhaus, P.C.
      17 State Street, 4th Floor
      New York, NY  10004

(b)   To BancTec:
      Kenneth W. Gage
      Christopher Reilly
      Paul, Hastings, Janofsky & Walker, LLP
      1055 Washington Boulevard
      Stamford, CT  06901

## XVI.
## CONSTRUCTION

47.   The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any party by reason of the extent to which any party or her or its counsel participated in the drafting of this Settlement.

## XVII.
## CAPTIONS AND INTERPRETATIONS

48.   Paragraph titles or captions contained in this Settlement are a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any provision.  Each term of this Settlement is contractual and not merely a recital.

-17-

## XVIII.
## MODIFICATION

49.     This Settlement may not be changed, altered, or modified, except in writing and signed by the Parties, and approved by the Court. This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

## XIX.
## INTEGRATION CLAUSE

50.     This Settlement contains the entire agreement between the Parties relating to the resolution of the Action, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged in this Settlement. No rights under this Settlement may be waived except in writing.

## XX.
## BINDING ON ASSIGNS

51.     This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## XXI.
## CLASS COUNSEL SIGNATORIES

52.     It is agreed that because the members of the Class are so numerous, it is impossible or impractical to have each Class Member execute this Settlement. The Notice, Exhibit "A", will advise all Class Members of the binding nature of the release. Excepting only the Class Members who timely submit an Exclusion Form, the Notice shall have the same force and effect as if this Settlement were executed by each Class Member.

-18-

## XXII.
## COUNTERPARTS

53.     This Settlement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties.

## XXIII.
## RIGHT OF APPEAL

54.     The Parties agree to waive appeals with the sole exception that Plaintiffs can appeal a reduction, if any, in the attorneys' fees amount.

## XXIV.
## CLASS CERTIFICATION

55.     The Parties agree that the stipulation of Class Certification is for settlement purposes only and if for any reason the settlement is not approved, the Stipulation will be of no force or effect.  The Parties agree that certification for settlement purposes is in no way an admission that class certification is proper and that evidence of this stipulation for settlement purposes only will not be deemed admissible in this or any other proceeding.

## XXV.
## RIGHT OF REVOCATION

56.     If more than ten percent (10%) of the Class Members timely submit Exclusion Forms, BANCTEC has the exclusive right to void this Settlement.  BANCTEC shall make its election prior to Final Judgment.  If the Settlement is not approved or is voided, neither the Class Representatives nor Class Counsel shall be liable for any costs of administration.

-19-

February 23, 2007                    By: _____
                                          Kenneth W. Gage (ct 12965)
                                          PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                          1055 Washington Boulevard
                                          Stamford, CT 06901-2217
                                          Telephone: (203) 961-7400
                                          Facsimile: (203) 359-3031
                                          Email: kennethgage@paulhastings.com

                                          Counsel for Defendant
                                          BancTec, Inc.

February 23, 2007                    By: _____
                                          Lin M. Held
                                          Sr. Vice President and Chief Administrative Officer
                                          BancTec, Inc.

February 23, 2007          By:  ___/s/_____
                                William G. Madsen
                                Madsen, Prestley & Parenteau, LLC
                                44 Capitol Avenue, Suite 201
                                Hartford, CT  06106

                                Counsel for Plaintiffs

February 23, 2007          By:  ___/s/_____
                                Barbara S. Mehlsack
                                Gorlick, Kravitz & Listhaus, P.C.
                                17 State Street, 4th Floor
                                New York, NY  10004

                                Counsel for Plaintiffs

February ___, 2007         By:  _____
                                James Azzara

February ___, 2007         By:  _____
                                Jacques R. Dantec

February ___, 2007         By:  _____
                                Donald Pinger

February ___, 2007         By:  _____
                                Michael Sybal

-21-

February ___, 2007        By: _____
                                   William G. Madsen
                                   Madsen, Prestley & Parenteau, LLC
                                   44 Capitol Avenue, Suite 201
                                   Hartford, CT 06106

                                   Counsel for Plaintiffs

February ___, 2007        By: _____
                                   Barbara S. Mehlsack
                                   Gorlick, Kravitz & Listhaus, P.C.
                                   17 State Street, 4th Floor
                                   New York, NY 10004

                                   Counsel for Plaintiffs

February ___, 2007        By: _____
                                   James Azzara

February 12, 2007         By: _Jacques R. Dantee_____
                                   Jacques R. Dantee

February ___, 2007        By: _____
                                   Warren S. Inman

February ___, 2007        By: _____
                                   Donald Pinger

February ___, 2007        By: _____
                                   Michael Sybal

-21-

February ___, 2007            By: _____
                                   William G. Madsen
                                   Madsen, Prestley & Parenteau, LLC
                                   44 Capitol Avenue, Suite 201
                                   Hartford, CT  06106

                                   Counsel for Plaintiffs

February ___, 2007            By: _____
                                   Barbara S. Mehlsack
                                   Gorlick, Kravitz & Listhaus, P.C.
                                   17 State Street, 4th Floor
                                   New York, NY  10004

                                   Counsel for Plaintiffs

February ___, 2007            By: _____
                                   James Azzara

February ___, 2007            By: _____
                                   Jacques R. Dantec

February ___, 2007            By: _____
                                   Warren s. Inman

February ___, 2007            By: _____
                                   Donald Pinger

February 16, 2007             By: _Alexander Horvatt_____
                              for Michael Sybal, specifically, Alexander Horvatt,
                              signing with power of attorney for Michael
                              Sybal (see document attached)

                                   -21-

**Notice: The powers granted by this document are broad and sweeping. They are defined in Connecticut Statutory Short Form Power of Attorney Act, sections 1-42 to 1-56, inclusive, of the general statutes, which expressly permits the use of any other or different form of power of attorney desired by the parties concerned. The grantor of any power of attorney or the attorney-in-fact may make application to a court of probate for an accounting as provided in subsection (b) of section 45a-175.**

KNOW MEN BY ALL THESE PRESENTS, which are intended to constitute a GENERAL POWER OF ATTORNEY pursuant to Connecticut Statutory Short Form Power of Attorney Act:

That I, Michael R. Sybal, residing at 89 Wopowog Road, East Hampton, CT, do hereby appoint Alexander Horwatt, residing at 456 McClintock Street, New Britain, Connecticut, my attorney-in-fact TO ACT:

FIRST: In my name, place and stead in any way which I myself could do, if I were personally present, with respect to the following matters as each of them is defined in the Connecticut Statutory Short Form Power of Attorney Act to the extent that I am permitted by law to act through an agent:

(A) ~~real estate transactions;~~ MRS
(B) ~~chattel and goods transactions;~~ MRS
(C) ~~bond, share and commodity transactions;~~ MRS
(D) ~~banking transactions;~~ MRS
(E) ~~business operating transactions;~~ MRS
(F) ~~insurance transactions;~~ MRS
(G) ~~estate transactions;~~ MRS
(H)      claims and litigation;
(I) ~~personal relationships and affairs;~~ MRS
(J) ~~benefits from military service;~~ MRS
(K) ~~records, reports, and statements;~~ MRS
(L) ~~health care decisions; and~~ MRS
(M) ~~all other matters;~~ MRS

SECOND: With full and unqualified authority to delegate any or all of the foregoing powers to any person or persons whom my attorney-in-fact shall select;

THIRD: Hereby ratifying and confirming all that said attorney or substitute do or cause to be done;

FOURTH: This power of attorney shall take effect upon the 22 day of _November_, 2006 and shall continue in force until the 31 day of _December_, 2007.

IN WITNESS WHEREOF I have hereunto signed my name and affixed my seal this 17th day of _November_, 2006.

Witnessed by:

_____

Michael R. Sybal

STATE OF CONNECTICUT )
                                              ) ss. Southington, 17th November, 2006
COUNTY OF HARTFORD )

Personally appeared Michael R. Sybal, signer of the foregoing instrument, and acknowledged the same to be his free act and deed, before me.

February __, 2007          By: _____

                               William G. Madsen
                               Madsen, Prestley & Parenteau, LLC
                               44 Capitol Avenue, Suite 201
                               Hartford, CT  06106

                               Counsel for Plaintiffs

February __, 2007          By: _____

                               Barbara S. Mehlsack
                               Gorlick, Kravitz & Listhaus, P.C.
                               17 State Street, 4th Floor
                               New York, NY  10004

                               Counsel for Plaintiffs

February 16, 2007          By: _____

                               James Azzara

February __, 2007          By: _____

                               Jacques R. Dantec

February __, 2007          By: _____

                               Warren s. Inman

February __, 2007          By: _____

                               Donald Pinger

February __, 2007          By: _____

                               Michael Sybal

-21-

February __, 2007            By:  _____
                                  William G. Madsen
                                  Madsen, Prestley & Parenteau, LLC
                                  44 Capitol Avenue, Suite 201
                                  Hartford, CT 06106

                                  Counsel for Plaintiffs

February __, 2007            By:  _____
                                  Barbara S. Mehlsack
                                  Gorlick, Kravitz & Listhaus, P.C.
                                  17 State Street, 4th Floor
                                  New York, NY 10004

                                  Counsel for Plaintiffs

February __, 2007            By:  _____
                                  James Azzara

February __, 2007            By:  _____
                                  Jacques R. Dantec

February __, 2007            By:  _____
                                  Warren S. Inman

February /6, 2007            By:  _____
                                  Donald Pinger

February __, 2007            By:  _____
                                  Michael Sybal

-21-

February _16_ 2007            By: _____Francisco Torres_____
                                  Francisco Torres


February ___, 2007           By: _____
                                  Robert Reiner


February ___, 2007           By: _____
                                  Patricia Renee Allinger


February ___, 2007           By: _____
                                  Robert Anderson


LEGAL_US_E # 74231716.2 37578.00003

-22-

February ___, 2007      By: _____

Francisco Torres

February /6, 2007      By: _____

Robert Reiner

February ___, 2007      By: _____

Patricia Renee Allinger

February ___, 2007      By: _____

Robert Anderson

LEGAL_US_E # 74231716.2 37578.00003

-22-

February ___, 2007          By: _____
                                Francisco Torres

February ___, 2007          By: _____
                                Robert Reiner

February 16, 2007           By: *Patricia Renée Allinger*
                                Patricia Renee Allinger

February ___, 2007          By: _____
                                Robert Anderson

LEGAL_US_B # 742817162 37578.00003

-22-

February __, 2007                By: _____
                                     Francisco Torres


February __, 2007                By: _____
                                     Robert Reiner


February __, 2007                By: _____
                                     Patricia Renee Allinger


February __, 2007                By: _____
                                     Robert Anderson


LEGAL_US_E # 74231716.2 37578.00003

-22-

February ___, 2007        By: _____
                               William G. Madsen
                               Madsen, Prestley & Parenteau, LLC
                               44 Capitol Avenue, Suite 201
                               Hartford, CT 06106

                               Counsel for Plaintiffs

February ___, 2007        By: _____
                               Barbara S. Mehlsack
                               Gorlick, Kravitz & Listhaus, P.C.
                               17 State Street, 4th Floor
                               New York, NY 10004

                               Counsel for Plaintiffs

February ___, 2007        By: _____
                               James Azzara

February ___, 2007        By: _____
                               Jacques R. Dantec

February ___, 2007        By: _____
                               Warren s. Inman

February / 6, 2007        By: _____
                               Donald Finger

February ___, 2007        By: _____
                               Michael Sybal

-21-