FILED

2007 JUN 13 P 2: 03

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES AZZARA, JACQUES R. DANTEC, WARREN S. INMAN, DONALD PINGER, MICHAEL SYBAL, FRANCISCO TORRES, and JULIE TORRES, ROBERT REINER, PATRICIA RENEE ALLINGER and ROBERT ANDERSON, individually and on behalf of other similarly situated individuals<br><br>Plaintiffs,<br><br>- against -<br><br>BANCTEC, INC.<br><br>Defendant. | CIVIL ACTION NO.<br><br>3:05 CV 855 (MRK) |

## ORDER ON JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE

This matter comes before the Court on June 13, 2007 for a final fairness hearing, pursuant to the March 7, 2007 Order of the Court granting preliminary approval of the Settlement set forth in the Parties' February 23, 2007 Joint Motion for Preliminary Approval of Settlement, to Proceed as a Class Action for Purposes of Settlement Only and to Issue Notice to Class Members (hereinafter "Motion for Preliminary Approval"). The Court having considered all papers filed and proceedings had herein and otherwise being fully informed, it is now hereby ORDERED, ADJUDGED AND DECREED THAT:

1. All terms herein shall have the same meaning as defined in the Parties' Joint Stipulation of Settlement and Release Between Plaintiffs and BancTec, Inc. ("Stipulation").

2. This Court has jurisdiction over the subject matter of this litigation, the Parties and the Class.

3. The Settlement has been reached as a result of intensive, serious and non-collusive arms-length negotiations. The Parties have conducted appropriate investigation and research, and counsel for the Parties are able reasonably to evaluate their respective positions.

4. As described in the declaration of Martha A. Desrochers, attached to the memorandum of law in support of the Parties' Joint Motion for Final Approval of Settlement and Dismissal of Action with Prejudice, BancTec, as settlement administrator, has complied with the notice requirements of the Court's March 7, 2007 preliminary approval Order. Due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, has been given to all persons entitled to such Notice, and the Notice fully satisfied the requirements of due process. No Class Members objected to the Settlement.

5. The Settlement was entered into in good faith. It is fair, reasonable and adequate, and the Parties have satisfied the requirements for final approval of a class action settlement set forth in Rule 23(e) of the Federal Rules of Civil Procedure.

6. Settlement at this time will permit the Parties to avoid additional substantial costs, as well as permit the Parties and the Class to avoid the delay and risks that would be presented by the further prosecution of the Action. The relief that is being granted as a result of the Action and Settlement provides a fair benefit to the Class.

7. Neither the Settlement nor any of the terms set forth in the Stipulation is an admission by Defendant, or any of the other Class Members' Released Parties, nor is this

Judgment a finding of the validity of any claims in the Action or of any wrongdoing by Defendant, or any of the other Class Members' Released Parties. Neither this Judgment, the Stipulation, nor any document referred to herein, nor any action taken to carry out the Stipulation is, may be construed as, or may be used as an admission by or against Defendant, or any of the other Class Members' Released Parties of any fault, wrongdoing or liability whatsoever. The entering into or carrying out of the Stipulation, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Defendant, or any of the other Class Members' Released Parties, and shall not be offered in evidence in any action or proceeding in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Judgment, the Stipulation, or any other papers and records on file in the Action as evidence of the Settlement to support a defense or res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the Released Claims.

8. Class Counsel attorneys' fees are awarded in the amount set forth in the Stipulation for litigation costs and expenses actually incurred.

9. Defendant shall make payments to the named Plaintiffs pursuant to the terms set forth in the Stipulation and to the Class Members who have submitted timely Consent to Join Settlement and Claim Forms. The Court approves the retention by Defendant of any part of the Settlement Payment that is not distributed per the Stipulation, on account of the potential claims that were not made.

10. If the Settlement does not become final and effective in accordance with the terms of the Stipulation, then this Judgment and all orders entered in connection herewith shall be rendered null and void and shall be vacated.

11. The Action is dismissed with prejudice, pursuant to the terms set forth in the Stipulation between Plaintiffs and Defendant. The Clerk of the Court is directed to enter judgment accordingly.

IT IS SO ORDERED.

_____
Hon. Mark R. Kravitz
United States District Judge
Dated this __13th__ day of __June__, 2007.